## ISAAC LANDSBERGER, Respondent, v. WM. R. GORHAM, Sheriff, Appellant.

The confidential counselor, solicitor, or attorney of a party, cannot be compelled to disclose the communications made to him, or letters, or entries made by him in that capacity.

The same rule also extends to the clerk of an attorney.

In a suit by a claimant of attached property against the Sheriff, the testimony of a subsequent attaching creditor, who has executed an indemnifying bond to the Sheriff, to save him harmless in holding the property, is not admissible.

A party has no right to cross-examine a witness, except as to facts and circumstances connected with the matter stated in his direct examination. HEYDEN-FELDT, J., *dissenting.*

APPEAL from the Superior Court of the City of San Francisco.

The facts material to the points decided, appear in the opinion of the Court.

*John Currey,* for Appellant.

1. Where a party offers or examines his own attorney or counsel, as a witness in chief, the other party is entitled to cross-examine him fully, as to the subject matter of his testimony. 1 Greenleaf on Ev., §§ 237, 240, 445, 446. 2 Starkie on Ev., 397.

2. Where a party proves by his own attorney or counsel, or other witness, part of a conversation or transaction, the other party is entitled to cross-examine the witness, as to the whole conversation and as to every particular of the transaction and circumstance therewith connected. Authorities cited *supra.*

3. The statute does not exclude the testimony of one attaching creditor in a suit by a claimant of the attached property against the Sheriff in favor of another creditor, though the witness himself would not be entitled to benefit by it. Prac. Act, §§ 391, 392, 393. 2 Starkie, p. 745.

*A. M. Heslep,* for Respondent.

No brief on file.

BRYAN, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

This was an action brought by the respondent, to recover the possession of property claimed by him, against a Sheriff, in possession of the property by virtue of an attachment levied upon it as the property of another.

It appears by the record, that a person acting in the capacity of an attorney, or the agent of an attorney, was called by the plaintiff to prove the delivery of the property to the plaintiff, by one Baron, against whom the attachment was levied. The witness having testified to the delivery of possession, the counsel for the plaintiff closed the examination of the witness; upon which the counsel for the defense proceeds, in cross-examination, to ask of the witness the following questions: "State all the conversation between yourself and Baron and plaintiff, while you were with them in delivering possession, and particularly the conversation and remarks made by Baron to plaintiff, as to the danger which he felt about attachment by his creditors, and what was said by plaintiff in reply." The witness hesitated to answer the questions, upon the grounds of the betrayal of professional confidence. The Court instructed the witness that he must judge for himself, whether his answer would be such a betrayal, or not; and under this instruction, the witness declined answering. The action of the Court is assigned as error. It has been the well-settled rule in the English Courts, that the confidential counselor, solicitor, or attorney of the party, cannot be compelled to disclose communications made to him, or entries made by him, in that capacity. 1 Greenl. Evidence, § 237, and the English cases there cited. Whether this exemption extended to an attorney's, or barrister's clerk, was formerly doubted, says Mr. Greenleaf, but has since been conceded, from the necessity of the employment of clerks, and of the confidential relations which they sustain to the attorney and client. In the case of Jackson *v.* French, 3 Wendell, 339, the same doctrine is held as to counsel and interpreters, and with some hesitation is extended to the clerks of an attorney and counselor. The same doctrine is also held in Foster *v.* Shaw, 12 Pickering,—Chief Justice Shaw delivering the opinion of the Court, and approving the doctrine of Perkins *v.* Hawkshaw, 2 Starkie's Rep.,

239, in regard to communications to agents; and also in the case of Taylor v. Foster, 2 Car. & P., 195, in regard to communications to attorney's clerks. In the case of Bean v. Quimby, 5 New Hampshire Rep., 94, it was held that, in that State, the privilege of clients to have their communications kept secret, extended to any other person than an attorney who might be employed to manage a cause—upon the ground that the statute of that State permitted any person of good and reputable character, to take charge of a cause. It is insisted by counsel in the case before us, that the question asked is but a cross-examination upon the same subject matter as testified to by the witness in his examination in chief.

This construction is clearly wrong. The witness is asked in chief, a simple question as to the delivery of property, and the cross-examination seeks to obtain from him all conversation occurring between the client of the attorney and himself, whilst he is acting either as attorney, or as the clerk of another attorney. Any question which related immediately to the delivery of the property, upon which the witness had been interrogated, was admissible.

Whatever difference of opinion may have formerly existed as to the extent to which a cross-examination might be carried, is fully established by the Supreme Court of the United States, in the case of The Philadelphia and Trenton Railroad Company v. Stimpson, 14 Peters, 448, "That a party has no right to cross-examine a witness, except as to facts and circumstances connected with the matter stated in his direct examination." If the party wishes to examine upon other matters, he has the opportunity of making the witness his own, and calling him as such upon the trial. Upon this ground alone, the question would be improper, leaving out of view the fact that the witness occupied a position which, according to his own statement, would, if he answered, compel him to reveal communications made to him whilst occupying the confidential relation of attorney or clerk with a client.

As to the third assignment of error, the person offered as a witness being a subsequent attaching creditor, and having given a bond to the Sheriff to save him harmless in holding the identical property which is the subject of this action, was not a competent witness. He must be

treated in the light of a person for whose immediate benefit the suit was prosecuted, and excluded under the statute.

The judgment of the Court below is affirmed, with costs.

HEYDENFELDT, J. I concur, upon the ground that the witness was entitled to privilege against the betrayal of professional confidence. I disagree as to the rule of evidence laid down in cross-examinations, preferring to adopt the English rule, to the one relied on by my associate.