## GALLAGHER *v.* WILLIAMSON.

WHEN property which has been sold is afterwards levied upon and sold under an execution by a creditor of the vendor, and suit is brought by the vendee to recover damages for the alleged wrongful taking, and the defense is, that the sale was made to defraud creditors, and that there was no immediate delivery or continuous change of possession, the statements of the vendor, whether made before or after the sale, are competent evidence to prove the fraud as against him.   Whether the statements of the vendor are evidence against the vendee depends on circumstances.   If made before the sale is completed, they are evidence against the vendee.

Confidential communications made by a client, to an attorney, respecting the business he is employed to transact, are privileged, and the attorney cannot be compelled to disclose them.   But statements made by the client, to other persons at the time, or by other persons to him, are not thus privileged, and the attorney is bound to disclose them the same as any other witness.

On the trial, this interrogatory was put to a witness : "Did you see any difference in the appearance or management of things after the sale, from that before the sale, of the stage and horses to plaintiff?"

*Held,* to be a proper question, and not objectionable in cases of this character.

Where a Court instructs a jury upon what state of facts they may find a verdict for a party, the instruction should include all the facts in controversy material to the right of plaintiff, or defense of defendant.

APPEAL from the District Court, Seventh Judicial District, Solano County.

The facts are stated in the opinion of the Court.

The plaintiff recovered judgment in the Court below against the defendant, Williamson, and he appealed.

*John Currey*, for Appellant.

*Williams & Thornton*, for Respondent.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to recover damages for the alleged taking of a stage-coach, horses, and harness, by the defendant from the plaintiff. It appears that Patrick Gallagher, the plaintiff's brother, was formerly the owner of the property in controversy; and becoming embarrassed and insolvent, he executed a bill of sale to the plaintiff, at the request of a sister, Mrs. Giblin, dated August 20th, 1861, to secure, or in payment of, a debt due from Patrick to the plaintiff. At that time, Patrick was indebted to the defendant, Williamson, who commenced an action thereon a few days afterwards; and on the sixteenth day of September, recovered judgment thereon, for $1,104.58 and costs; on which judgment an execution issued, which was duly levied upon the property in question, and the same was afterwards sold on the execution. These acts constitute the alleged taking. The defendant contended that the sale to the plaintiff was made to defraud the creditors of Patrick Gallagher, of whom he was one, and that there was no immediate delivery or continuous possession in the plaintiff within the Statute of Frauds; and that the sale was therefore void as to him.

It seems the bill of sale was made in the night time of August 29th, in the absence of the plaintiff—the contract on his behalf being made by Mrs. Giblin, who acted as his agent. At the trial, one Lay was called as a witness for the defendant, and testified that he had a conversation with Patrick Gallagher the next morning, to wit: August 30th, about the transaction, in which the latter told him the purpose for which the bill of sale had been made. He was then asked to state what he told him upon the subject; to which the plaintiff objected; that such statements were mere hearsay, and they were made after the bill of sale was executed. The Court sustained the objection, and this is assigned as error. The Court clearly erred in its ruling on this point. The defendants had an undoubted right to prove that the vendor made this bill of sale

for the purpose of defrauding his creditors; and his statements
upon the subject, whether made before or after the execution of
the bill of sale, were competent evidence to prove that fact, as
against him.    Whether such statements were evidence against the
vendee, depends upon circumstances.    The defendant insists, that
at the time this conversation occurred, the sale had not been com-
pleted; that Mrs. Giblin had no authority from the plaintiff to
make the contract; and he did not, until afterward, know of the
sale to him, or ratify it.    If these statements were made to the
witness before the sale was in fact completed, they were admissible
in evidence against the plaintiff, as statements made by the vendor
before he had finally parted with his title to the property; and
whether they were thus made was a question for the jury to determ-
ine from all the evidence.

.It appears that Mrs. Giblin employed one Currier, an attorney
at law, to draw up a bill of sale, and they went to the office of one
Woods for that purpose.    The defendant called Currier as a wit-
ness, and asked him this question : " Did you hear Mrs. Giblin say,
when you went to the office of Squire Woods, on the night of Au-
gust 29th, 1861, that she had no authority from plaintiff to trans-
act the business for him, of which she has testified on this trial ? "
The plaintiff objected that it was a privileged communication made
to the witness as an attorney, and therefore he could not disclose it;
the Court sustained the objection, and this is assigned for error.
Other questions were also put to this witness respecting the conver-
sations between the vendor, Mrs. Giblin, and other persons present
at the time of the transaction, relating to the object and design of
the parties in making the bill of sale, which were excluded by the
Court upon the same objection.    It appears that Mrs. Giblin em-
ployed the attorney, and she was therefore his client so far as relates
to this transaction.    The rule is well settled, that the confidential
counselor, solicitor, or attorney of the party cannot be compelled to
disclose communications made to him in that capacity.    (*Lands-
berger* v. *Gorham*, 5 Cal. 450.)    But this rule does not extend to
any facts within his knowledge, or information acquired by him in
any other way than by such confidential communications of the cli-
ent.    (*Hunter* v. *Watson*, 12 Cal. 377.)    It follows that all state-

ments made by Mrs. Giblin to the attorney which were in the nature of confidential communications to him, respecting the matter then being transacted, were privileged, and he could not be required to disclose them. But any statements made by her to other persons at that time, or by other persons to each other or to her, were not thus privileged, and the attorney was bound to disclose them, the same as any other witness. (*Coveney* v. *Tannehill*, 1 Hill, 33; *Rochester City Bank* v. *Suydam*, 5 How. Pr. 254; *Hatton* v. *Robinson*, 14 Pick. 416; *Bramwell* v. *Lucas*, 2 Barn. & Cress. 745.) The questions excluded by the Court did not refer to communications made to the attorney by Mrs. Giblin, but to conversations by the persons present with each other, including her. Such conversations were not privileged communications, and he should have been permitted to testify in regard to them, under an injunction from the Court not to disclose confidential communications from her to him. The Court therefore erred in excluding these questions.

At the trial, a witness (Hutton) was asked this question by the defendant: "Did you see any difference in the appearance or management of things after the sale, from that before the sale, of the stage and horses to plaintiff?" This was excluded upon objection by the plaintiff that it called for the opinion of the witness; and this is also assigned for error. We think the question a proper one in cases of this character. (*Engles* v. *Marshall*, 19 Cal. 320; *Stevens* v. *Irwin*, 15 Id. 503.) The Court therefore erred in excluding it. The Court charged the jury as follows: "If you believe there was an actual substantial delivery of the stage-coach and horses, and a substantial change of possession, and that plaintiff, or some one for him, had and took actual possession of the same, and that such possession was continuous and not merely formal, your verdict must be for plaintiff." The charge was excepted to by the defendant, and is assigned for error. The instruction was erroneous, because it ignores entirely the questions relating to the validity of the sale which were put in issue by the pleadings, and on which some evidence was given. Where a Court instructs a jury upon what state of facts they must find a verdict for a party, the instruction should include all the facts in controversy, material to the right of the plaintiff or the defense of the defendant. In this respect

the instruction is defective, for it omits to refer to the important question whether the sale was made to defraud creditors or not. If it was, in fact, made to defraud creditors, the jury had no right to find for the plaintiff, even though the evidence proved an actual delivery and a continuous change of possession.

The judgment is reversed and the cause remanded for a new trial.