## VENINE v. ARCHIBALD.

1. The act of the legislative assembly (Laws of 1874, pp. 214–15) providing that a party demanding a trial by a jury of twelve men in the probate courts of certain counties, shall be required to advance and pay into court a jury fee of $20, is not in contravention of the seventh amendment of the Constitution of the United States, nor is such fee unreasonable in amount.

2. It is error in giving instructions to a jury upon the law to ignore testimony tending to establish a material fact, and which fact, if established, would change the rights of the parties litigant.

*Appeal from Probate Court of Clear Creek County.*

THIS was an action in trover brought by Archibald against Venine to recover damages for the alleged conversion of two horses, a wagon and harness. The cause was originally instituted before a justice of the peace in Clear Creek county, from whose judgment an appeal was taken to the probate court. Upon the trial in the probate court, before a jury, Archibald obtained a verdict for $217. Judgment was sub-

sequently rendered in his favor for that amount, and Venine prosecutes his appeal in this court. The facts are sufficiently stated in the opinion. The second and third instructions complained of by the appellant and passed upon by this court are as follows:

"If the jury believe from the evidence that although the plaintiff and defendant had made a trade for the property, yet, if on any account this trade was rescinded by them and the consideration money paid back by the plaintiff to the defendant under a promise by the defendant that the property should then be delivered to the plaintiff by the defendant, the acceptance of the money by the defendant placed the plaintiff legally in the same relation to the property as if no trade or sale had ever been made by the plaintiff with the defendant, and the plaintiff then became the owner and entitled to the immediate possession thereof.

"If the jury believe from the evidence that the defendant promised the plaintiff that he would deliver the said property to the plaintiff or to Forest as agent or bailee of the plaintiff, and failed, neglected or refused to do it, is in law a trover and conversion, and no demand and refusal is necessary to enable the plaintiff to recover damages in trover and conversion."

Mr. W. S. ROCKWELL, for appellant.

Messrs. TAYLOR & YATES, for appellee.

ELBERT, J. At the trial in the court below the plaintiff in error, Venine, demanded a trial by a jury of twelve men, which was granted by the court upon the condition that he pre-pay the jury fee fixed by statute at $20. This prepayment Venine refused to make and the trial was had before a jury of six men.

Section 3 of an act relating to the probate courts of Clear Creek and other counties provides (*inter alia*) as follows:
* * * * * "All issues of fact in said probate courts

shall be tried by jury of six men, unless both parties waive a trial by jury, in which case the same may be tried by the court."   *   *   *   *   *   Sess. Laws 1874, p. 214.

Section 4 of the same act provides (*inter alia*) as follows :

"If at any time before the calling of the cause for trial, and before any *venire* shall have issued, either party shall demand a trial by a jury of twelve men, a jury of twelve men shall be summoned and impaneled, but the party demanding the same shall be required to advance and pay into said court the sum of $20 at the time of making such demand, and the money so paid shall be paid by the said probate judge to the treasurer of the proper county as aforesaid."   *   *   *   *   Sess. Laws 1874, pp. 214–15.

It is contended by the plaintiff in error that this act is in contravention of the seventh amendment of the Constitution of the United States, which is as follows :

"In suits at common law, where the value in controversy shall exceed $20, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law."

We do not think that this provision of the Constitution can be fairly interpreted to inhibit reasonable regulations by the legislative power to meet the expense necessary to the support of the jury system.

The citizen enjoys the right subject to the necessary and unavoidable burden of expense. The assertion of any legal right is subject to the same burden. While the Constitution secures the right of trial by jury, there is no pledge that in giving the right legal effect there shall be no expense attending the legal procedure. As long as the right remains substantially as at common law, the requirements of the Constitution are met and satisfied.

In the case of *Beers* v. *Beers*, 4 Conn. 535, HOSMER, C. J., states the general doctrine as follows : "It is sufficient and within the reasonable intendment of that instrument (the Constitution), if the trial by jury be not impaired, although

it may be subjected to new modes, and even rendered more expensive, if the public interest demand such alteration. A law containing arbitrary and unreasonable provisions, made with the intention of annihilating or impairing the trial by jury, must be subject to the same consideration as if the object had been openly and directly pursued. But, on the other hand, every reasonable regulation made by those who value this *palladium* of our rights, and directed to the attainment of the public good, must not be deemed inhibited because it increases the burden or expense of the litigating parties."

Although the application of this doctrine to particular cases may have been contested, the general doctrine itself remains unquestioned. *Colt* v. *Eves*, 12 Conn. 243; *Flint River Steamboat Co.* v. *Foster*, 5 Ga. 195.

The case of *Adams* v. *Cowiston*, 7 Minn. 461, involved the question of the constitutionality of a law requiring the prepayment of jury fees. EMMETT, C. J., says: " We can see no objection to a reasonable fee of this kind. The Constitution does not guarantee to the citizen the right to litigate without expense, but simply protects him from the imposition of such terms as unreasonably and injuriously interfere with his right to a remedy, or impede the due administration of justice. And that a party who demands a trial by jury should be required to advance a small jury fee, whether it be considered as a tax on litigation or as part of the expense which is necessarily incurred in his behalf, seems no more liable to a constitutional objection than is the requirement that the fees of the clerk, sheriff and other officers shall be paid in advance when demanded. If the clause in the Constitution means that we shall be permitted to litigate literally without price, there is an end to all fees from the issuing of the summons to the entry of satisfaction of the judgment." See also the case of *Randall* v. *Kehlor*, 60 Me. 40.

Neither is the objection that the fee is unreasonable in amount well taken. This is a matter resting in the discre-

tion of the legislature, and courts will not interfere unless the fixed fee should amount to a practical prohibition of the right.

If regard be had to the actual additional expense incurred by reason of the *venire* for twelve men, the amount fixed by this statute is not disproportionate.

For the foregoing reasons we do not regard the act in question as open to the constitutional objection urged.

Venine having refused to pre-pay the jury fee, the trial rightfully proceeded before the jury of six men provided by statute. *Randall* v. *Kehlor*, 60 Me. 40.

The motion for nonsuit was properly overruled, as there was sufficient evidence to take the case to the jury.

Not regarding the third assignment as well taken, we pass to the consideration of errors assigned to the instructions of the court. It was in evidence that Archibald sold and delivered the team to Venine on the 6th day of July, 1874, and that Venine paid therefor, on the same day, the purchase-money. Also, that on the same day, Venine discovered the existence of a chattel mortgage on the team in favor of one Forest, and that thereupon it was agreed to rescind the sale.

Archibald paid back the purchase-money and Venine agreed to return the team to Archibald on condition that he (Venine) was paid the sum of $14 expended by him for hay and oats for the use of the team. There was also evidence tending to show that on the following day, the 7th of July, the parties made a substitute agreement for the above, to the effect that Venine should keep the team, secure Forest by his personal bond of indemnity and retain the money returned by Archibald to indemnify himself against any claim that might thereafter arise on his bond to Forest.

There was a bill of sale of the property, under date of the 7th of July, executed by Archibald to Venine, apparently in pursuance of this agreement.

There was also evidence tending to show still another agreement between the parties, made on the 8th of July, in effect rescinding the sales made on the 6th and 7th,

Venine to keep the purchase-money returned and to deliver the team to Forest as mortgagee in the chattel mortgage upon payment of his demand for money expended for hay and oats ; both Archibald and Forest agreeing to pay his demand thereby.

Under this state of the testimony the court gave the following instruction :

" If the jury believe from the evidence that the plaintiff was on the 6th day of July, 1874, the owner of the property named in his bill of particulars, and then entitled to its immediate possession, and that the value thereof has been proven, and that the defendant converted the same to his own use, they will find the defendant guilty and assess the plaintiff's damages."

This instruction was calculated to lead the jury to believe that they were at liberty to disregard the evidence going to show a perfected sale to Venine on the 7th of July, and to consider the right of the plaintiff to recover as entirely dependent upon his ownership of the team on the 6th of July, an ownership entirely consistent with the sale to Venine on the 7th of July.  Also, to consider themselves at liberty to disregard the testimony going to show that Venine demanded reimbursement of the money expended for hay and oats, as a consideration precedent to a return of the property, and that Archibald agreed to pay therefor.  There was evidence to this effect, and had the jury found this agreement on the 7th, or this demand on the part of Venine and agreement on the part of Archibald to pay proved, they were uninstructed as to the law of the case, and being uninstructed, as though there was no such evidence in the case, the tendency was to mislead the jury.

Both the second and third instructions given by the court on behalf of the plaintiff are open to the same objections as the first.

They state the law upon a part of the evidence only, and leave the jury unadvised as to the law if they should believe the testimony which the instructions ignore.

Where the testimony ignored by the instructions is of sufficient weight to entitle it to be considered by the jury, and the facts which it tends to prove, if proven, would change the rights of the parties litigant, such instructions are clearly erroneous, and when there is nothing in the further instructions of the court, as in this case, to correct the error, they must be held to have misled the jury. *Gallagher* v. *Williamson*, 23 Cal. 331.

The judgment of the probate court is reversed with costs, and the case remanded for a new trial.

*Reversed.*