[Sac. No. 970.    Department One.—September 20, 1902.]

J. E. INGRIM, Appellant, v. BRUTUS C. EPPERSON et al.. Defendants; LOUISE CLARK, Respondent.

APPEAL—DELAY IN SERVICE OF STATEMENT—INEXCUSABLE NEGLECT—DISCRETION OF COURT.—Ignorance of the time within which a statement or bill of exceptions must be prepared and served cannot be the result of mistake, surprise, or inadvertence; and the neglect to prepare and serve a statement upon appeal within the time prescribed by the code, is inexcusable. The court has discretion to refuse an application to be relieved from default in such preparation and service, and its order refusing it will not be disturbed upon appeal.

APPEAL from an order of the Superior Court of Colusa County refusing to set aside a default in the service of a statement.  H. M. Albery, Judge.

The facts are stated in the opinion of the court.

John B. Moore, W. G. Dyas, and B. F. Howard, for Appellant.

Carl Lindsay, and Crane & Rutledge, for Respondent.

HARRISON, J.—The superior court rendered its judgment in favor of the defendant Louise Clark in the above-entitled action, March 1, 1901, and its judgment was entered of record on the same day.  Notice thereof was served upon the plaintiff March 2, 1901.  No notice of intention to move for a new trial was given, but on April 2d the plaintiff served upon the respondent a proposed statement on appeal.  No order of court or stipulation of attorneys had been made extending the time for its service, and the respondent's attorneys declined to accept service of the same.  Thereafter—April 13th—the plaintiff served upon the respondent a notice that he would make application to the court to be relieved from his default in serving said proposed statement, upon the grounds of mistake, inadvertence, surprise, and excusable neglect, accompanying the notice with affidavits of his attorneys, setting forth the matters on which he relied.  His application was denied by the court, and from this order he has appealed.  In their affidavits in support of the motion the attorneys set forth that after the decision in the cause they determined to appeal from the judgment upon the sole ground that the evidence was insufficient to support certain findings, and therefore would not move for a new trial; that, as they construed the provisions of section 939 of the Code of Civil Procedure, there was no necessity for presenting the statement within ten days after the decision, since, if all the evidence in the case were incorporated in the statement, there could be no amendments proposed; and that the court would, if applied to at any time within sixty days after the decision, certify to the statement as containing all the evidence on these issues.  For these reasons they made no effort to have the statement served within the ten days.

The rule has been so often declared as not to need the citation of authorities that the action of the superior court upon an application to set aside a default or grant relief therefrom rests so largely in its discretion that it will not be disturbed on appeal, unless it shall be made clearly to appear that there was an abuse of this discretion. While it has been said in some cases that this discretion is better exercised when it tends to bring about a decision of the cause upon its merits, the rule itself has never been relaxed. This observation has been in the nature of advice to the superior court, and not for the purpose of compelling it to decide in that mode. Unless the record clearly shows that the court has abused its discretion, its order, whether it be to grant or deny the application, will be affirmed.

Upon the showing made in the present case in behalf of the motion, it cannot be said that the superior court did not exercise a proper discretion. The rules of procedure for the purpose of preparing a record to be used upon an appeal from a judgment are so clearly set forth in the Code of Civil Procedure, and have been so frequently passed upon by this court, that ignorance of the time within which a statement or bill of exceptions must be prepared and served, cannot be the result of mistake or surprise or inadvertence, and the neglect to prepare and serve it within the time prescribed by the code is not excusable.

The order is affirmed.

Van Dyke, J., and Garoutte, J., concurred.