[Civ. No. 290.    Second Appellate District.—May 11, 1906.]

## GEORGE H. PRINCE, Respondent, v. H. KENNEDY, Appellant.

ATTORNEY AND CLIENT—ACTION FOR SERVICES—DEFENSE NOT PLEADED—ADVISING ILLEGAL TRANSACTIONS—BETRAYAL OF CLIENT—REVIEW UPON APPEAL.—In an action by an assignee of attorneys to recover for services rendered by them to the defendant, it was defendant's duty to plead as a defense that such attorneys advised the defendant to enter into an illegal transaction to deceive his principal by secret profits, and afterward betrayed him to his principal, who sued him therefor, and if such defense is not pleaded, any evidence respecting it is outside of the issues, and no findings having been required or made thereon, it cannot be properly urged upon appeal that plaintiff ought not to recover on the ground that the evidence is against him on that matter.

ID.—IMPLIED FINDING—CONFLICTING EVIDENCE AS TO BAD FAITH.—If it be conceded that there is an implied finding against the defendant on the matter of bad faith and deception, and the question of the sufficiency of the evidence to support it can be raised upon appeal, yet where the evidence upon that matter is conflicting, and there is substantial evidence that there was no bad faith practiced by the attorneys or their client, the implied finding is sufficiently supported, and it cannot be interfered with upon appeal.

ID.—PERFORMANCE OF SERVICE—ADMISSION IN ANSWER—SUPPORT OF FINDING AS TO VALUE.—Where the performance of the services by the attorneys is admitted by the failure to deny it in the answer, and the only issue raised by the answer relates to the value of the

services, and a finding for plaintiff on that issue is supported by the evidence of two witnesses that they were worth the exact sum found, the finding is supported, though contradicted by other evidence.

APPEAL from an order of the Superior Court of Los Angeles County, denying a new trial. Frank F. Oster, Judge presiding.

The facts are stated in the opinion of the court.

Tanner, Taft & Odell, for Appellant.

Taylor & Forgy, and Stutsman & Stutsman, for Respondent.

GRAY, P. J.—This is an action to recover $750 for services rendered by plaintiff's assignors as attorneys at law. The finding and judgment were in plaintiff's favor for the sum of $550 and costs. The appeal now before us is by the defendant from an order denying him a new trial. An appeal from the judgment in the same case has already been disposed of, and reference is had to that decision for a statement of the issues necessary to an understanding of this decision. (See *Prince* v. *Kennedy* (Civ. No. 152, decided by this court April 7, 1906), ante, p. 404, [85 Pac. 859.].)

1. It is urged by appellant that plaintiff ought not to have recovered because his assignors advised defendant to enter into an illegal transaction by which the defendant deceived his principal, whose land he was selling, with the view of making a secret profit on such sale, and that thereafter and before the secret profits had been realized they revealed the facts as to the secret profits to defendant's principal, who instituted suit against defendant and forced a division of the secret profits between defendant and his said principal. The trouble with this contention is of a twofold character: First, it is not directed at any specific finding of the court as to the facts in the case, and, second, the whole matter relates to something entirely outside the issues made by the pleadings and having no relation whatever thereto. It was the duty of the defendant, if he had any defense of this character, to have at least shadowed it forth in his pleadings. And of course, it is of no

efficacy to argue in a court of review that the evidence is defective upon a matter not in issue and as to which no findings were either required or made.

Moreover, if it be conceded that the sufficiency of the evidence as to this question can be now raised, still the evidence is in conflict concerning the matter. Taylor's testimony shows that there was no bad faith or deception practiced by his client, the defendant or himself as attorney, in relation to the secret profits. Daneri was the owner of the property that defendant sold and Mr. Winder was Daneri's attorney; and as to the transaction Taylor testifies: ''That after lunch of the same day, Judge Winder and Mr. Daneri came to witness' office and with paper and pencil in hand, Judge Winder said, 'What is your proposition?' That witness said 'We will give you $19,750,' and witness repeated the terms, just given, which Judge Winder took down and after rehearsing the same to Mr. Daneri, replied, 'We accept the offer.' That witness said to Mr. Daneri, 'You understand, Mr. Daneri, that you are to get $19,750 for your place, pay the first half of the taxes, and all over and above that Mr. Kennedy is to get for his commission and the expenses of making the sale?' That Mr. Daneri nodded his head and said, 'I understand.' That witness further said, 'And you understand that you do not care, and it is none of your business how much Mr. Kennedy gets from the purchaser, over and above $19,750?' That Mr. Daneri said, 'I understand that.' And Judge Winder said, 'We understand that thoroughly.' '' If it be conceded, then, that the decision and judgment of the court against defendant is equivalent to or implies a finding against the defendant as to this matter, it can still be said that there was substantial evidence to support such a finding, and therefore it is not to be interfered with.

2. That the services were performed is admitted in the answer by failure to deny the same. The only issues raised by the answer relate to the value of the services. It is urged that the finding that the value of the services is $500 is not supported by the evidence. The testimony of at least two witnesses tended strongly to show that the services were worth this exact sum. Consequently, we cannot disturb the finding, even though this be contradicted by other evidence.

The other points urged by appellant are disposed of on the former appeal.   There is no merit in this appeal.

The order is affirmed.

Smith, J., and Allen, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 9, 1906, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 9, 1906.