[Civ. No. 811.  First Appellate District.—June 16, 1911.]

## P. G. SHEEHY, Respondent, v. W. E. MINAKER et al., Defendants; W. WELLBANKS, Appellant.

BILL OF EXCEPTIONS—FAILURE TO SERVE IN TIME—DENIAL OF RELIEF—
REVIEW UPON APPEAL—ABUSE OF DISCRETION MUST APPEAR.—Where
the trial court denied the application of one of four attorneys, who
had assumed the preparation of a bill of exceptions, for relief from
default in failing to serve the same in time, it must clearly appear
that the trial court abused its discretion in denying such relief
before the appellate court can interfere with its action.

ID.—ABSENCE OF COUNSEL ON VACATION—STIPULATION EXTENDING TIME
—TRIAL OF CASE—RELIANCE ON DISPUTED PROMISE—ABUSE OF DIS-
CRETION NOT SHOWN.—Where the counsel who had agreed to prepare
the bill absented himself on a vacation, and obtained a stipulation
for an extension of time, and when he returned therefrom proceeded
to try a case, and relied on a disputed verbal promise to grant fur-
ther time, which is denied by opposing counsel, it cannot be said
that the denial by the court of the application for relief shows an
abuse of discretion.

ID.—DETERMINATION OF FACTS ON CONFLICTING EVIDENCE FOR TRIAL
COURT.—The determination of facts on conflicting evidence as to a
verbal promise of further extension of time was entirely for the
trial court, and in support of its action, the appellate court must
assume that it took the view of the facts most favorable to the re-
spondent, and believed that no verbal promise was made by respond-
ent to extend the time beyond the written stipulation.

APPEAL from an order of the Superior Court of Monterey
County denying a motion for relief from a default in the

service of a bill of exceptions, under section 473 of the Code of Civil Procedure.   B. V. Sargent, Judge.

The facts are stated in the opinion of the court.

Jordan, Rowe & Brann, and P. E. Zabala, for Appellant.

Sheehy & Hudson, for Respondent.

HALL, J.—This is an appeal from an order denying appellant's motion, made under section 473, Code of Civil Procedure, to be relieved from plaintiff's objection that appellant's proposed bill of exceptions was not served in due time. The particular ground for relief relied on is that the bill was not served in due time because of excusable neglect on the part of appellant's attorneys.

The record before us shows that after the expiration of the time allowed by law, and the full extension thereof allowed by the judge of the court, the time for serving the bill of exceptions was extended by stipulation to the first day of September, 1909.   This stipulation was filed August 10, 1909.

The reporter's transcript of the proceedings upon the trial was placed in the hands of Mr. Zabala, one of the attorneys for the appellant, on August 4th, but the preparation of the bill was not commenced until September 4, 1909.   It was completed on September 6th, and was on September 20th placed in the hands of Mr. Hudson, one of the attorneys for respondent.

Its settlement was promptly objected to, for the reason that it was not served in due time.   A motion was made by appellant to be relieved from the objection.   Affidavits were presented and read upon the motion, and the motion denied.

Appellant very candidly and correctly concedes at the outset that this court cannot interfere with the action of the trial court unless it clearly appear that the denial of the motion was an abuse of discretion.   (*Ingrim* v. *Epperson,* 137 Cal. 370, [70 Pac. 165].)

After a careful examination of the record before us we are unable to say that it clearly appears that the trial court in its action denying the motion abused its discretion.

Appellant's attorneys in the action were Jordan, Rowe & Brann, of San Francisco, and P. E. Zabala, of Salinas.

The attorneys for respondent were Sheehy and Hudson, the first of Watsonville, and the second of Monterey. Sheehy is also the plaintiff.

It appears without dispute that at the trial appellant was represented by Mr. Zabala and Mr. Brann, while respondent, P. G. Sheehy, appeared in his own behalf.

It was agreed between Mr. Zabala and Mr. Brann that Mr. Brann should prepare the bill of exceptions. Mr. Brann, however, left the city and county of San Francisco, where his offices were situated, on the fourth day of August, 1909, for a vacation, and did not return from his vacation until the evening of August 30th, and did not reach his offices until the morning of August 31st. From that time until September 4th he was engaged in the trial of another action.

The reporter's transcript of the testimony had been forwarded from Salinas to Messrs. Jordan, Rowe & Brann August 4th, with a note from Mr. Zabala addressed to the firm, informing them that "Mr. Sheehy has kindly consented to give us until the 1st of September. He privately assured me that he might extend the time if necessary."

Mr. Brann states in his affidavit "that the reason why he did not prepare it [the bill of exceptions] during the month of August, 1909, was that affiant was absent from the city and county of San Francisco on his said vacation."

Mr. Zabala states in his affidavit that he arranged for the stipulation extending the time to September 1st with Mr. Sheehy, who at that time assured him that he would give additional time, and that he, Mr. Zabala, told Mr. Sheehy that Mr. Brann was going to be absent during the month of August on his vacation, and that said Sheehy then promised affiant additional time.

On the twenty-seventh day of August, upon request from Messrs. Jordan, Rowe & Brann, Mr. Zabala attempted to telephone to Mr. Sheehy at Watsonville, to request further time, but could not get him on the telephone. That he again, before the first day of September, tried to communicate with Mr. Sheehy over the telephone with the same result. During all of this time and until the twentieth day of September Mr. Zabala was engaged in a trial for murder at Salinas. The affidavit of Mr. Zabala further states, "That affiant, after his second attempt to get Mr. Sheehy over the telephone, and

remembering that Mr. Sheehy had verbally promised him that he would extend said time further, and relying upon the same, and because of his engagements in said murder trial as aforesaid, made no further effort to get said time extended until the third day of September, 1909.''

On the other hand, Mr. Sheehy, in his affidavit states that when Mr. Zabala, early in August, applied to him for an extension of time in which to serve appellant's proposed bill of exceptions, he, Zabala, wished the time extended to October 1, 1909, but that he, Sheehy, refused to extend the time any further than September 1, 1909, and accordingly signed the stipulation extending the time to September 1st. The conversation was over the telephone, and the stipulation subsequently sent by mail.

Other matters are stated both in the affidavit of Mr. Sheehy and Mr. Hudson, tending to show that no promise to give additional time was ever made.

The determination of the facts upon this conflict of evidence was entirely for the trial court. In support of the action of the trial court we must assume that it took the view of the facts most favorable to the contention of respondent; in other words, that it believed that no such promise was made to extend the time beyond September 1, 1909. The reason why the bill was not prepared during August was that Mr. Brann, one of the four attorneys for appellant, was absent on his vacation.

Under these circumstances, it cannot be said that it clearly appears that the trial court abused its discretion in denying appellant's motion.

The order is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.