[Civ. No. 996.   Second Appellate District.—October 6, 1911.]

## FRED L. BLUMER, Respondent, v. FELIX MAYHEW, Appellant.

APPEAL FROM ORDER REFUSING RELIEF FROM DEFAULT—FAILURE TO PRE-
PARE BILL OF EXCEPTIONS—DISCRETION—REVIEW UPON APPEAL.—
Upon appeal from an order refusing to grant relief under section
473 of the Code of Civil Procedure, on the ground of mistake, inad-
vertence and excusable neglect in failing to prepare a bill of ex-
ceptions in time to be used upon appeal from an order denying a
new trial, the order appealed from is a matter purely within the
discretion of the trial court, and this court cannot interfere to review
the same, where it does not clearly appear that there has been a plain
abuse of discretion.

ID.—SUGGESTIONS OF ADVICE TO TRIAL JUDGES — RELIEF TO MOVING
PARTY—DECISION UPON MERITS—RULE AS TO REVIEW OF DISCRE-
TION NOT RELAXED.—Though appellate courts have suggested, by
way of advice to trial judges, that all doubts as to the propriety
of their rulings upon applications for relief from default under sec-
tion 473 of the Code of Civil Procedure should be resolved in favor
of the moving party, for the reason that it tends to bring about a
decision upon the merits, yet, notwithstanding this fact, the rule
which prohibits interference by appellate courts with the decision of
the trial court thereupon, save and except in case of an abuse of
discretion, has never been relaxed.

ID.—ATTORNEY'S IGNORANCE OF STATUTE AS TO APPEAL FROM ORDER
DENYING NEW TRIAL INEXCUSABLE.—The statutory provisions with
reference to the procedure to be taken upon an appeal from an order
denying a motion for a new trial are of such long standing, so fully
set forth in the Code of Civil Procedure, and have been so frequently
passed upon and construed by the appellate courts of this state,
that ignorance of the time within which a statement or bill of ex-
ceptions must be prepared and served cannot be deemed the result
of mistake or surprise or inadvertence, and the neglect to prepare
and serve it within the time prescribed by the code is not excusable.

ID.—NATURE AND EFFECT OF SHOWING MADE.—It is held that, upon the
showing made in support of the application for relief under section
473 of the Code of Civil Procedure in this case, it not only cannot
be said that the court failed to exercise a proper discretion, but that
it may also rather be said that, had the ruling been otherwise, non-
interference by this court would have strained the rule prohibiting
interference with an order when it tends to give a hearing upon the
merits of the case.

APPEAL from an order of the Superior Court of Los Angeles County denying an application for relief under section 473 of the Code of Civil Procedure.   Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Frank S. Adams, for Appellant.

Valentine & Newby, for Respondent.

SHAW, J.—This is an appeal from an order of court denying defendant's motion for relief under the provisions of section 473, Code of Civil Procedure.

On November 29, 1909, defendant's motion for a new trial and to have vacated and set aside a judgment theretofore rendered herein was denied.   More than sixty days thereafter, and in the absence of any stipulation or order extending the time, he presented to the court what he termed a "Record on Appeal," consisting of copies of certain papers which he deemed necessary to constitute such record, together with a copy of the reporter's transcript of the testimony used at the hearing of the motion for a new trial, and, upon notice to plaintiff, applied to the court to have the same authenticated. Upon objection being made by plaintiff, the court refused to authenticate the papers upon the grounds that the same were not presented within the time required by law.   Thereupon defendant applied to the court to be relieved from his default upon the grounds that the same was due to mistake, inadvertence and excusable neglect. His application was denied by the court, and from this order he has appealed.

In his affidavit in support of the motion, defendant's attorney states that he had been instructed by his client to take an appeal from the order denying his motion for a new trial; that affiant had never before undertaken to prosecute such an appeal to the supreme court and was unaware that the matters in support of such motion should be authenticated in a bill of exceptions, as provided in section 650 of the Code of Civil Procedure; that about ten days after the date of the order of court denying defendant's motion for a new trial, affiant was informed that under the decisions of the supreme court of this state the papers used upon such appeal should be embodied

in a bill of exceptions and the same authenticated by the trial judge, and thereupon he made an investigation of such decisions and came to the conclusion that the supreme court based their opinions upon the ground that *all* of the records used in the court below had not been transferred to them, for which reason alone he concluded the court so decided said cases; that it would have been impossible to prepare the record within the time required by law, and that affiant did obtain an extension of thirty days' time within which to file the record in the supreme court of California, he still being of the opinion at the time that no bill of exceptions was necessary.

The making of an order granting or denying relief when applied for by one who seeks to bring himself within the provisions of section 473, Code of Civil Procedure, is a matter purely within the discretion of the trial court, and in reviewing such orders this court should refuse to interfere, unless it clearly appears there has been a plain abuse of such discretion. (*O'Brien* v. *Leach,* 139 Cal. 222, [96 Am. St. Rep. 105, 72 Pac. 1004]; *Vinson* v. *Los Angeles Pac. R. R. Co.,* 147 Cal. 479, [82 Pac. 53].) The courts have suggested by way of advice to the trial judges that all doubts as to the propriety of their rulings upon such applications should be resolved in favor of the moving party (*Watson* v. *San Francisco etc. R. R. Co.,* 41 Cal. 17; *Miller* v. *Carr,* 116 Cal. 381, [58 Am. St. Rep. 180, 48 Pac. 324]), for the reason that such action tends to bring about a decision upon the merits. Notwithstanding this fact, however, the rule which prohibits interference save and except in case of an abuse of discretion, has never been relaxed. (*Ingrim* v. *Epperson,* 137 Cal. 370, [70 Pac. 165].) In this case, upon the showing made in support of the application, it cannot be said that the court failed to exercise a proper discretion. Indeed, had the ruling been otherwise, noninterference by this court would have strained the rule, respect for which, as stated, prohibits the vacation of such order when it tends to give a hearing upon the merits of the case. The statutory provisions with reference to the procedure to be had and taken upon appeals from orders denying motions for new trial are of such long standing, so fully set forth in the Code of Civil Procedure, and have been so frequently passed upon and construed by the courts of this state,

17 Cal. App.—15

"that ignorance of the time within which a statement or bill of exceptions must be prepared and served cannot be deemed the result of mistake or surprise or inadvertence, and the neglect to prepare and serve it within the time prescribed by the code is not excusable." (*Ingrim* v. *Epperson,* 137 Cal. 370, [70 Pac. 165].)

The order appealed from is affirmed.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 5, 1911.