SHERIN, Respondent, v. EASTWOOD et al., Appellants.

(143 N. W. 367.)

**Appeal—Settlement of Record—Relief From Default—"Mistake or Accident."**

> To entitle appellants to relief from their failure to have a record settled in the trial court, it is essential that they show by facts that such failure was "through mistake or accident," under Code Civ. Proc., Sec. 461; and a misapprehension on the part of appellants' counsel as to the proper method or mode of settling a statement of the case, settled record, or bill of exceptions, if any such misapprehension existed, does not bring the case within said section of the statute.

> Gates, J., taking no part in the decision.

(Opinion filed October 23, 1913.)

On rehearing. Former decision and judgment below af-firmed.

For former opinion, sée, supra, page 103, 142 N. W. 176.

*Wilbur S. Glass,* and *Walter H. Shurtleff,* for Appellants.

This court has overlooked the fact that the mistake was one of opinion, and necessarily continued until that opinion was changed, and that, as appears by the affidavit of Geo. H. Marquis, particularly that part of it relating to a conversation over the telephone line with Walter H. Shurtleff, it continued until this court had ruled on May 8, 1913, and that a bill of exceptions or statement of the case was necessary.

From the foregoing decision it would seem that that part of the record needed, but omitted, on this appeal, is a statement of the case, although not the statement of the case provided for in Subd. 3 of said section 303; but the opinion of the court in this case appears to call for a bill of exceptions, perhaps, the bill containing the exceptions mentioned in section 295. "Chaotic state of our statute law" relating to appeals from orders denying new trials where the motion was on the minutes, may be and likely was the cause of counsel's mistake in believing that no bill of exceptions, statement of the case, or transcript would be needed on this appeal to present for review the abstract question of law involved. This is not a case wherein the bill of exceptions provided for by section 296 of the Rev. Code of Civil Procedure, or the statement of the case provided for by section 303 (Subd. 3)

*ibid* is lacking; nor is it a case wherein the transcript and record provided for by chapter 15, Laws of 1911, amending said section 296, should have been prepared, filed and certified. Appellants' motion was on the minutes, and no such bill of exceptions, transcript and record, or statement of the case could be used by them. What then is the nature of the part of the necessary record on appeal, which they now desire to supply? Here we approach the real situation, and begin to understand why appellants' counsel made their mistake. There is neither a rule nor a decision of this court (not excepting the decision in this case), which gives a clear guiding light for one desiring to take an appeal from an order denying a new trial, where the motion therefor is made upon the minutes. The only case wherein such a record as is missing in this case is mentioned is Distad v. Shanklin, 11 S. D. 1, 75 N. W. 205.

It may be said that nearly all that is contained in this court's decision relates to matters which the trial court alone has the right to take into consideration, in case the application to be relieved from their default is therein made, and that no such application has been made to this court; and, moreover, the defendants and appellants will not upon such application to the trial court be required to depend solely upon the affidavits presented to this court upon this application, but may in addition present affidavits of Wilbur S. Glass and Walter H. Shurtleff, and the affidavits presented to this court were simply for the purpose of showing that the defendants and appellants have in good faith given notice of appeal, and have, through mistake, omitted to do a certain other act necessary to make the appeal effectual, and of obtaining from this court an order retransmitting and returning to the trial court the record on appeal so that in the trial court the appellants may make the proper application, which this court by its decision undertakes to deny in advance, not only before the trial court has had an opportunity to pass thereon, but even before it is actually made.

*Sherin & Sherin,* for Respondent.

Appellants' new counsels' ideas of the facts in this case do not agree with the actual facts. The attorneys who took the appeal in this case and prepared the record in this court, are abso-

lutely silent as to why they did not settle a bill of exceptions. They have not pretended to say that they were even misled.

In the case of St. Croix Lumber Co. v. Pennington, 11 N. W. 497, the Territorial Supreme Court went into this question very fully and settled it, and it has never been reversed by the courts of this state, but approved in a great many cases. When a motion for a new trial is made on the minutes and refused, the party desiring to appeal, should take care to have a case or bill regularly made. Id.

SMITH, J. The original decision in this case will be found in Sherin v. Eastwood et al., 32 S. 95, 142 N. W. 176.

Appellants filed a petition for rehearing, upon which it was ordered that the petition for hearing be granted, "to the following extent and no further," namely: "In order that there be further presented to this court the question of whether or not sufficient cause exists to excuse the appellants for their failure to have had settled a proper record in the trial court, so that it appears that it would not be an abuse of discretion on the part of the trial court to settle the record at this time."

Upon the return day, counsel presented oral argument, and have filed elaborate briefs. Appellants' counsel, apparently unmindful of the limitations contained in the order granting the rehearing, has filed a learned and exhaustive brief, covering every phase of the legal questions presented upon the original motion. In the former opinion of this court, it is distinctly pointed out that appellants, upon an application to the trial court to be relieved from their default in not taking necessary steps to procure setlement of the bill of exceptions or statement of the case or exception, within the time permitted by statute, could not be relieved from such default except "upon good cause shown." It was also pointed out that this court must and would assume that no other or sufficient grounds existed for relief from such default, except such as were disclosed to this court upon the hearing, and if upon such showing the trial court would commit an abuse of discretion in granting such relief, this court should refuse to permit this case to be returned to the trial court as an idle act. Upon this rehearing, appellants' counsel, although the rehearing was granted for that distinct purpose, have failed and have not even attempted to present a single new fact in excuse or explana-

tion of the failure of appellants' original counsel to obtain or
apply for a settled record, statement of the case, or bill of ex-
ceptions, some one of which is absolutely and concededly necessary
to confer upon this court jurisdiction to consider or decide the
questions sought to be reviewed upon the appeal. The whole
substance and effect of counsel's argument is a claim that this
court was without authority or legal right to demand a knowledge
of the facts relied upon to excuse the default in the trial court.

Appellants' counsel apparently is laboring under an entire mis-
conception as to both the duty and authority of this court, upon
applications of the kind here involved. In his brief he states that
this court "has undertaken, in the first instance, before that ques-
tion was properly before it, as an appellate court, to decide whether
the defendants were entitled to be relieved or should, in the
interests of justice, be relieved from a default, in not having
a bill of exceptions or statement of the case prepared and served
within the statutory time, and which must necessarily be passed
upon in the first instance by the trial court, which alone has the
power to relieve from such default, under section 151 of the
Civil Code of Procedure and section 306 of same." "The de-
fendants and appellants will not, upon such application to the
trial court, be required to depend solely upon the affidavits pre-
sented to this court upon this application, but may, in addition,
present affidavits of Wilbur S. Glass and Walter H. Shurtleff,
and the affidavits presented to this court were simply for the
purpose of showing that the defendants and appellants have in
good faith given notice of appeal, and have *through mistake* (the
italics are our own) omitted to do a certain other act necessary
to make the appeal effectual. * * *"

Doubtless, the affidavits presented to this court may have
been intended to show that the appellants "have through mistake
omitted to do a certain other act necessary to make the appeal
effectual." Such affidavits certainly do show that appellants have
failed to "do a certain act necessary to make the appeal effectual,"
but there is not a scintilla of competent evidence in such affidavits
showing that the omission to do this act *was through mistake*.
Counsel intimates that this vital fact may be shown *to the trial
court* by the affidavits of Glass and Shurtleff—but the affidavits
of Glass and Shurtleff are not before this court. There is no

evidence before this court that Glass and Shurtleff were mistaken, either as to law or fact. For aught that appears in this record, the failure to procure a transcript and obtain a settled record "necessary to make this appeal effectual" may have been occasioned by the failure of appellants themselves to furnish the necessary transcript or means to procure the same from the official stenographer, or for other reasons not disclosed.

By the express terms of the order granting the rehearing now before us, it was to afford appellants an opportunity to disclose to this court whether "sufficient cause exists to excuse the appellants for their failure to have had settled a proper record in the trial court. * * *" In lieu of this showing, appellants' counsel have presented a lengthy brief and argument, the gist of which is contained in the foregoing quotation therefrom, and we can only say at this time, as we said in our former decision, "Clearly this court is left with no adequate explanation or excuse for so plain a disregard of statutes and rules of court governing appeals."

Appellants' counsel cites various decisions of this and other courts permitting the return of records for corrections or necessary and proper additions by the trial courts, and seeks to draw the inference that his clients should be relieved from the same acts, even though done with full knowledge of these same decisions and of the correct rules of practice therein announced. Such an act is not in any sense a "mistake." It could be considered only a willful disregard of known rules of procedure.

It may be true, as stated by appellants' counsel, that the law governing the mode of *making up* settled records, statements of the case, or bills of exceptions has been in a somewhat "chaotic condition," but there has never been in the judicial history of this state any "chaos" or question about the proposition that some form of settled record, either a statement of the case, a settled record or bill of exceptions, or exceptions settled, was absolutely essential to a review of errors of law occurring at the trial. No such record was ever attempted to be settled in this case by appellants' counsel, so far as the record discloses, and we are utterly unable to comprehend how a mistake or misapprehension on the part of appellants' counsel as to the proper *method* or *mode of settling* a statement of the case, settled record, or bill

ui exceptions, even if conceded or shown, could be made the foundation for relief from a *failure to make any attempt at all to settle a record of any description,'* as in the case before us.

This court in its former decision, recognized the rule that mere ignorance of the law on the part of counsel, unaccompanied by any excuse or explanation, cannot be considered a "mistake" upon which relief from the operation or effects of the law may be predicated. The distinction between mistake and ignorance is patent. If it be assumed that appellants' original counsel were not ignorant of the law—and from the high standing and long experience of such counsel, we think it may safely be so assumed—the default, in the absence of an excuse or explanation, could only have resulted from a willful disregard of the law and the decisions of this court, and was not a "mistake." And if it be assumed, as appellants' counsel assert, that the relief which he seeks is under section 461, Code of Civil Procedure, how can counsel urge that the only showing required is that appellants have taken the appeal in good faith and with due diligence, when the plain language of the statute also requires the additional showing that the failure to do the act or thing "necessary to render the appeal effectual" was "through mistake or accident"? Singularly enough connsel for appellants in his brief makes the unqualified statement that "the said affidavits clearly show that the failure to have such bill or statement settled before appeal was through mistake." The affidavits of appellants and their counsel do show, perhaps, that affiants *think and believe* such failure was through some mistake—but such a conclusion or guess or surmise is not competent evidence of any fact, and for some reason which we do not comprehend, appellants have failed to present in the record the affidavits of appellants' former counsel who alone must know the facts out of which the mistake arose, if any mistake existed. The rehearing on this motion was granted solely to enable appellants to make this showing, but instead of presenting the lacking evidence, which was clearly pointed out in our former opinion, appellants' counsel has done nothing more than challenge the right of this court to require such evidence. The right and duty of this court to grant relief only upon the showing required by the statute itself is so clear that we do not care to discuss the matter further.

We adhere to our former decision, and the judgment of the trial court is affirmed.

GATES, J., took no part in this decision.