[Civ. No. 2414.   Second Appellate District.—June 18, 1918.]

.EDMON G. BENNETT et al., Respondents, v. C. D. HILLMAN, Appellant.

JURY — FAILURE TO ANNOUNCE DESIRE AT TIME OF SETTING CAUSE — CODE AMENDMENT—IGNORANCE OF COUNCIL—REFUSAL OF RELIEF— DISCRETION NOT ABUSED.—It is not an abuse of discretion to deny a motion made under section 473 of the Code of Civil Procedure for an order setting aside an assignment of an action for trial to a court without a jury, where such motion was made upon the ground that the defendant had failed to ask for a jury trial in time because of the ignorance of his counsel of the addition of subdivision 4 to section 631 of the Code of Civil Procedure, predicating waiver of right to jury trial on failure to announce such desire at the time when the cause is first set for hearing.

ID.—WAIVER OF RIGHT TO JURY TRIAL—FAILURE TO ANNOUNCE DESIRE AT SETTING OF CAUSE—CODE AMENDMENT CONSTITUTIONAL.—Subdivision 4 of section 631 of the Code of Civil Procedure is not unconstitutional under the language of section 7 of article I of the constitution, to the effect that a trial by jury may be waived in civil actions by the consent of the parties signified in such manner as may be proscribed by law.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge.

The facts are stated in the opinion of the court.

Wm. Hazlett, Haas & Dunnigan, and Arthur C. Vaughan, for Appellant.

Oscar Lawler, and Bertin A. Weyl, for Respondents.

WORKS, J., *pro tem.*—The plaintiffs are attorneys at law and the action was brought to recover from defendant the value of services rendered to him by them and to recover cash advances made by them in connection with the services. The plaintiffs had judgment for nearly twenty-one thousand dollars and the defendant appeals.

The first contention of the appellant is that he was improperly denied the right of trial by jury in the action. The question presented largely concerns the provisions of subdivision 4 of section 631 of the Code of Civil Procedure. That

subdivision was added to the section by the legislature through an act passed May 20th and which took effect August 8th, both in 1915. So much of the section as is material to the present controversy, including subdivision 4, is as follows: "Trial by jury may be waived by the several parties to an issue of fact . . . in manner following: . . . 4. By failing to announce that a jury is required, at the time the cause is first set upon the trial calendar if it be set upon notice or stipulation, or within five days after notice of setting if it be set without notice or stipulation."

On a day between December 22d and December 27th, both in 1915, the parties entered into a written stipulation that the action might, on the latter day, be set for trial. On that day it was by the court set for May 4, 1916, in a department of the court in which jury trials are not held ordinarily, and also on that day, December 27th, notice that the cause had been set down for May 4th in the department mentioned was served on the counsel for the appellant. At the time the cause was set for trial the appellant did not announce that he desired a jury trial thereof. Under notice dated April 28, 1916, the appellant notified the respondents that on May 1, 1916, he would move the court "for an order setting aside the assignment" of the action "to the court and without a jury and setting said action upon the trial calendar to a jury or transferring said action to a department of the court where a trial by jury may be had." The notice was accompanied by affidavits of the appellant and of the attorney who was then his sole counsel, to the effect that the appellant had always desired and intended that the action should be tried by a jury; that at about the time the answer was filed, which was before December 22, 1915, the appellant instructed his counsel to demand a jury trial; that thereupon his counsel informed him that under the law a jury could be demanded at any time before the commencement of the trial, that a jury trial could be had upon such demand, and that he, the counsel, would make the demand in proper time; that the appellant knew nothing about the law in the premises except as it was so imparted to him by his counsel; that the counsel did not know until April 27, 1916, that subdivision 4 had been added to section 631 of the Code of Civil Procedure; that he first informed the appellant of that change in the law on that

date; that the appellant had no knowledge, until that date, that such was the law or that his counsel had not theretofore demanded a jury trial; that, on April 27, 1916, the appellant informed his counsel that he had relied upon such counsel to procure for him a jury trial, and that he desired, and still insisted, that the action be tried by a jury; that the last time the appellant's counsel had demanded a jury trial of any action was shortly before the amendment of section 631, adding subdivision 4, had become effective; that pursuant to such demand the court had ordered a jury trial at a time long after the cause wherein the demand was made had been first set upon the trial calendar for trial; and that the counsel fully believed, until April 27, 1916, that a jury could be demanded in this action at any time before 10 o'clock of the forenoon of May 4, 1916, and that the appellant had the right to demand a jury trial at any time prior to that date. There was also an affidavit of merits.

Upon the making of the motion and the submission of the affidavits, the trial court entered an order denying the motion on the ground that a jury trial had been waived. In the order it was recited that the department of the court in which the action had been set down was, and had been at all times during the pendency of the action, a department designated by the court for the trial of civil actions without a jury; that there was no jury in attendance in that department; that there were at all times two or more departments of the court in which civil actions in which juries were demanded were regularly set and tried; that the assignment of causes for trial as above indicated was pursuant to rules of the court duly adopted and in effect for many years past; and that, were the motion to be granted, it would be necessary to transfer the cause to the department of the presiding judge for reassignment to a jury department in which the cause would, in the ordinary course of the business and practice of the court, be reset for trial before a jury at a date many months in the future.

The appellant's motion was made under section 473 of the Code of Civil Procedure, which entitles a party to be relieved from the effect of an order entered or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. The section expressly provides that the right to such relief rests in the discretion of the

court; and that discretion is, of, course, not subject to review on appeal except in cases in which its abuse is plainly shown. (*Plumer* v. *Mayhew,* 17 Cal. App. 223, [119 Pac. 202] ; *Vinson* v. *Los Angeles Pac. R. Co.,* 147 Cal. 479, 483, [82 Pac. 53].) Under all the facts before the trial court we cannot say that there was an abuse of discretion in denying the motion presented to it by the appellant. On the contrary, it appears that the court was amply justified in ruling as it did upon the question.

The appellant insists that subdivision 4 of section 631 is unconstitutional, under the language of section 7 of article I of the state constitution, to the effect that "trial by jury may be waived . . . in civil actions by the consent of the parties, signified in such manner as may be prescribed by law." This language of the section follows a statement that "the right of trial by jury shall be secured to all, and remain inviolate." The appellant argues that the consent which will amount to a waiver of the right to jury trial must be express, and that it will not do for the legislature to predicate it upon a failure of a party to announce that he desires a jury at the time his cause is first set for hearing. This contention has been answered, in effect, in *City of Los Angeles* v. *Zeller,* 176 Cal. 194, [167 Pac. 849], in which the constitutionality of a section of a certain act of the legislature regulating the right to trial by jury in street opening cases was established. That section was, in legal effect, substantially like subdivision 4 of section 631 of the code. We say the case cited answers the contention of the appellant in effect, for the reason that the precise point now made seems not to have been presented to the supreme court in that case. Nevertheless, the reasoning of the opinion sufficiently answers it. We conclude that subdivision 4 of section 631 shows a proper exercise by the legislature of the power to prescribe the manner in which the right to trial by jury may be waived.

The final contention of the appellant is that the findings by which the trial court determined that the respondents were employed by the appellant and fixed the value of their services are not supported by the evidence. There was evidence of the employment, as well as of the experience and qualifications of the respondents, and the record shows, in hundreds of typewritten pages, of what the services of the

respondents consisted. The nature of the services rendered was stated in questions addressed to prominent members of the Bar, and four or five of them testified that the reasonable value of the respondents' labors for the appellant was in a sum much in excess of the amount found due them by the court. The record surely shows an ample basis for the findings made. The finding as to the value of the services has a sufficient support in the testimony, alone, of the members of the Bar who appeared as witnesses. (*Prince* v. *Kennedy*, 3 Cal. App. 498, [86 Pac. 609].)

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 15, 1918.