**WILEY v. HOLLZER, District Judge, et al.**

Circuit Court of Appeals, Ninth Circuit.

Aug. 29, 1934.

Emmett E. Doherty, of Los Angeles, Cal., for petitioner.

Peirson M. Hall, U. S. Atty., and Ernest R. Utley, Asst. U. S. Atty., both of Los Angeles, Cal., for respondents.

Before WILBUR and SAWTELLE, Circuit Judges.

PER CURIAM.

This is an application for leave to file a petition for writ of mandamus directed to Harry A. Hollzer, United States District Judge for the Southern District of California, directing him to extend the time for the settlement of petitioner's bill of exceptions, and to settle the bill and to extend the term for that purpose if necessary. Petitioner alleges that he has been tried and convicted of the crime of conspiracy and forgery in connection with the disposition of certain registered Liberty bonds issued by the United States government. He claims that, by reason of the ignorance of his attorney, and without fault on his part, the attorney failed to prepare and present his proposed bill of exceptions within the time fixed by the rule of the United States District Court for the Southern District of California, which rule requires the presentation of petitioner's proposed bill of exceptions within 10 days after judgment. It is alleged that the attorney had had more than 40 years' experience in the practice of criminal law in state and federal courts, but that this was his first appeal taken in the federal courts. It is averred that the attorney, instead of examining the rules of court regulating the presentation of bills of exceptions, inquired of and was informed by some attorney in whom he had confidence and whose name he has forgotten that he had 90 days in which to settle the bill of exceptions. The petitioner claims that he paid the cost of the transcript of the evidence and instructed his attorney to take the appeal. Two applications were made to the District Court after the time had expired within which a proposed bill of exceptions might be presented for an extension of time. The first application was made by the attorney who was responsible for the delay, and was predicated upon the aforementioned facts. The court denied the application for the extension of time. Later petitioner employed his present attorneys, and a new application was filed requesting the court to reconsider its action and to entertain the proposed bill of exceptions and settle the same and to extend the time and the term for that purpose. This application was denied. Petitioner now seeks to compel the trial judge to grant the extensions requested. In the meantime he has prepared a proposed bill of exceptions and tenders a copy thereof with his petition for writ of mandamus and for leave to file the same.

The question of whether or not the trial court should extend the time for the presentation of the proposed bill of exceptions where there has been a failure to comply with the rules of the court in reference to the presentation thereof rests in the discretion of the trial court. The appeal to the trial court for an extension of time invokes the discretion of that court, and the refusal of the court to exercise that discretion in favor of the petitioner cannot be reviewed by the appellate court, unless there has been an abuse of that discretion. Camden Iron Works Co. v. Sater (C. C. A.) 223 F. 611. The rule is stated by the Supreme Court of California in a late case, Wilson v. Superior Court of California for Monterey County, 207 Cal. 364, 278 P. 440, 441, as follows: "Whether a party has exercised due diligence in causing a bill of exceptions to be settled is so largely a matter

of discretion with the trial judge that when no abuse of such discretion appears his determination is conclusive. Miller v. American Central Ins. Co., 2 Cal. App. 271, 274, 83 P. 289. This discretion, properly exercised, cannot be controlled by mandamus. See Stonesifer v. Armstrong, 86 Cal. 594, 25 P. 50; 2 Cal. Jur. p. 570; 16 Cal. Jur. p. 812."

In State ex rel. Dempsey v. District Court of the Second Judicial District, 24 Mont. 566, 63 P. 389, 390, the Supreme Court of Montana had occasion to consider an application for a writ of mandamus compelling an extension of time in settling the bill of exceptions where the delay had been occasioned by the failure of a stenographer to obey an order of court to transcribe his notes. The court said: " * * * We are asked to compel the defendant court and its judge to enter an order extending the time within which to prepare bills of exception. This is a matter which falls entirely within the discretion of the trial court and its judge, and we cannot control this discretion by mandamus."

In Brown v. Prewett, Judge, 94 Cal. 502, 29 P. 951, 953, the Supreme Court of California had under consideration a proceeding by mandamus to compel the trial judge to settle a bill of exceptions in a criminal case. The attorney who had defended the petitioner against the charge of grand larceny became ill and was unable to prepare the bill of exceptions. After eighteen days another attorney was substituted. Forty-two days later he presented a proposed bill of exceptions. Of the 42 days the substituted attorney was sick 6 or 7 days, kept at the bedside of his sick wife for 12 days, and for 10 days had been engaged in other cases in court, leaving only 13 days in which he was free to work on the proposed bill of exceptions. There never was any extension of time for presenting the proposed bill of exceptions nor any application therefor. Under these circumstances the Supreme Court of California, speaking through Chief Justice Beatty, said: "If, under such circumstances, we should hold that the superior judge abused his discretion in deciding that there had been unreasonable delay in presenting the bill, we do not see where we could draw the line, or what rule could be left for the guidance of the superior courts. The result would be to substitute for their discretion our discretion. The statute would no longer serve as a guide. Neglect of its provisions would become common, and the time of the superior judges and of this court would be consumed in the trial of questions which ought rarely to arise."

The petition was denied.

The petitioner relies largely upon a decision by the United States Supreme Court, In re Chateaugay Ore & Iron Co., 122 U. S. 544, 9 S. Ct. 150, 32 L. Ed. 508. It is there held that, where both parties acted upon the theory that the time for presentation of proposed bill of exceptions was regulated by the rule in the state courts, and the proposed bill was prepared and served and amendments proposed thereto within the time regulated by the state practice, the plaintiff was estopped from raising the objection which he had made and that the bill should have been settled. This case is authority for the proposition that the appellate court may direct the settlement of a proposed bill of exceptions by writ of mandamus in appropriate cases, and has no bearing upon the question of whether or not the ignorance or negligence of an attorney is a sufficient reason for invoking extraordinary power of the appellate court which could be exercised only in case of an abuse of discretion by the trial court.

Petitioner also relies on the case of Dalton v. Gunnison, 165 F. 873, by this court, where we held it was the duty of the trial judge to settle the bill of exceptions where the delay had resulted entirely from the failure of the court stenographer to make transcripts of his notes within the term or within the time allowed by an order of court. It has no application to a case where the delay is solely caused by the ignorance of the attorney in the case.

The question is whether it is an abuse of discretion on the part of the trial court to refuse an extension of time for settlement of a bill of exceptions and to settle the proposed bill where the sole and only circumstance relied upon is the ignorance of petitioner's counsel and the negligent failure of such counsel to familiarize himself with the rules of the court regulating the preparation and settlement of the bill of exceptions.

■ It has been uniformly held that the ignorance or neglect of counsel is insufficient to compel action in favor of the client, although in some instances it may justify the exercise of the discretion of the trial court in favor of the client.

■ In Blumer v. Mayhew, 17 Cal. App. 223, 119 P. 202, 203, an application was made to the trial court for relief on the ground of mistake, inadvertence, and excusable neglect in failing to present the appellant's proposed

bill of exceptions within the time fixed by statute. The affidavit of the appellant's attorney stated his interpretation of the statute involved. Section 650, Cal. Code Civ. Proc. The relief was denied, and the appellate court held that the action of the trial court could not be reviewed. In that connection the court made the following statement, which is apt to the situation before us: "The statutory provisions with reference to the procedure to be had and taken upon appeals from orders denying motions for new trial are of such long standing, so fully set forth in the Code of Civil Procedure, and have been so frequently passed upon and construed by the courts of this state 'that ignorance of the time within which a statement or bill of exceptions must be prepared and served cannot be deemed the result of mistake or surprise or inadvertence, and the neglect to prepare and serve it within the time prescribed by the Code is not excusable.' Ingrim v. Epperson [137 Cal. 370, 70 P. 165], supra."

In the case of Ingrim v. Epperson, 137 Cal. 370, 70 P. 165, it is held by the Supreme Court of California that a misconstruction by the attorney of the law regulating the presentation and proposed bill of exceptions, whereby he concluded that he had 60 days within which to present the proposed bill of exceptions instead of 10 days, as fixed by law, did not justify the interference of the Supreme Court where the trial court had declined to grant relief for excusable neglect. It held that there was no abuse of discretion. To the same effect see Advance Veneer & Lbr. Co. v. Hornaday, 49 Ind. App. 83, 96 N. E. 784; Sherin v. Eastwood, 32 S. D. 95, 142 N. W. 176, Id., 32 S. D. 480, 143 N. W. 367; People v. Manistee Circuit Judge (People v. Withey), 194 Mich. 527, 161 N. W. 141.

Leave to file the petition is denied.