ABBOTT, Respondent, v. RUDOLPH, Appellant

(44 N. W.2d 785)

(File No. 9183. Opinion filed November 28, 1950)

**Hanley, Leedom & Driscoll**, Rapid City, for Appellant.
**Bottum & Bottum**, Rapid City, for Respondent.

SMITH, J. ▇ To consider the power of the trial court to include a transcript in the settled record, notwithstanding the failure of appellant to "forthwith" file the same in the office of the clerk of courts after it had been duly ordered and served as provided by SDC 33.0736, we issued a writ of certiorari. For reasons hereinafter set forth, we have concluded that the writ was inadvertently issued. Nevertheless, we have determined to treat the application for the writ as a motion made in the appeal from the judgment of the trial court, and thus relieve respondent from the useless labor of presenting his application in different form.

As we have indicated, the above named defendant-appellant, in attempting to have a record settled for use on appeal, complied with the provisions of SDC 33.0733, 33.0735 and 33.0736 in respect to their requirements dealing with the ordering of a transcript, the preparation and attachment of assignments of error, and the service of the transcript and assignments upon the plaintiff-respondent, but allowed thirty days to elapse after such service on counsel was made before he filed the transcript and assignments in the office of the clerk of courts. Predicated upon the provisions of SDC 33.0736 reading as follows: "The transcript and assignments of error shall be served upon the adverse party within ten days after the receipt thereof by the party to whom it was delivered and the original transcript and assignments, with proof of service thereof, shall forthwith be filed in the office of the clerk of the court * * *" and the language of SDC 33.0737 reading as follow: "Failure to order, serve, and file a transcript within the time fixed by these rules shall constitute a waiver of the right to such a transcript and the record shall be settled without it as hereinafter provided", the plaintiff-respondent above named appeared at the time and place fixed for the settlement of the record, and objected to the inclusion of the transcript therein, on the ground that the right to a transcript was waived because the filing of the transcript and assignments came too late, and the trial court was without power to extend or

fix the new time within which to file the same. The trial court overruled the objection and included the transcript in the record as settled. In his application for a writ of certiorari the plaintiff-respondent asserts that the trial court exceeded its power or jurisdiction in so doing, and that he has no right of appeal, or other plain, speedy, or adequate remedy.

■ The plaintiff is before this court as respondent to the appeal from the judgment entered in the principal action. In connection with such an appeal, it has been the uniform practice of this court, in response to a motion to strike made by respondent, to review the rulings made by the trial court in the course of the proceedings dealing with the preparation and settlement of a record. Theisen v. Qualley, 42 S.D. 367, 175 N.W. 556. The last instance of such a review was In re Weide's Estate, 73 S.D. —, 44 N.W.2d 208. We are not disposed to change this settled practice.

Grounded upon the rule of SDC 37.0401 that certiorari will not be granted if, in the judgment of the court, any other plain, speedy, and adequate remedy is available to the applicant, it is next contended that the remedy we have described is not an adequate remedy.

■ The applicant reasons that if he were required to depend upon a review in the main case, the remedy would not be adequate because of delay and the waste of effort and expense in preparing briefs dealing with an issue of sufficiency of the evidence which would become useless if his contention that the trial court had exceeded its powers were sustained. In view of our powers, in appropriate circumstances, to afford one in respondent's position complete protection by extending the time for filing of his briefs while we are considering the challenged ruling made by the trial court in connection with the settlement of the record, we regard the contention as inadmissible. In fact, the motion procedure, in cases where a showing is made justifying priority of consideration, will be as efficient as certiorari. Experience convinces us that this remedy which has been afforded litigants throughout the history of this court is plain, speedy, and adequate, and hence that review under a

writ of certiorari should not be substituted therefor. As indicated we treat the application made as a motion to strike the transcript from the settled record.

The contention on the merits is that the provision of SDC 33.0736 requiring that the transcript and assignments "shall forthwith be filed in the office of the clerk of the court" means "shall at once or without delay be filed in the office of the clerk of the court" and time for compliance with such requirement having elapsed, the trial court was powerless to permit a subsequent filing and to include the transcript in the record. We proceed under the assumption that "forthwith" means "without unreasonable delay."

■ This contention that the court was without power to excuse the failure of the appellant to file the transcript within the time fixed by SDC 33.0736 is predicated upon a change made by the 1939 revision. Prior to 1939 it was provided by § 2559, Rev. Code 1919 that the trial court, upon good cause shown, could extend the time, or create a new time within which the acts required in settling a record or in making a motion for a new trial might be done. By the 1939 revision, the substance of § 2559, Rev. Code 1919 appears as SDC 33.1610, so revised as to have no application to proceedings for the settlement of a record. The revised provisions for the settlement of a record appear in SDC 33.07 with other provisions dealing with "Supreme Court Appellate Procedure". Thus it appears that under the unambiguous wording of the 1939 revision the provisions brought forward from § 2559, Rev. Code 1919 are no longer the source of the power of our trial courts to extend the time, or to fix a new time within which the acts required to settle a record might be done. The defendant points to this situation and makes the further contention that no other provision of the 1939 revision grants power to our trial courts to exercise a discretion in the premises. We consider this further contention.

By SDC 33.0729 it is provided, "When a party shall in good faith give notice of appeal, and shall omit, through mistake or accident, to do any other act necessary to perfect the appeal or make it effectual, including the giving of a

proper undertaking for costs and damages, or to stay proceedings, the court from which the appeal is taken, or the presiding judge thereof, or the Supreme Court or any one of the Judges thereof, may permit an amendment, or the proper act to be done, including the giving of a new undertaking, on such terms as may be just."

The foregoing section, which deals with acts "necessary to perfect the appeal or make it effectual" was placed in the above cited chapter of the 1939 revision which is devoted to Supreme Court Procedure, and which, as indicated supra, includes the provisions for the settlement of a record. The trial court depended upon this section as the basis of its power to exercise a judicial discretion in the premises.

■ ■ It must be admitted that in fact an appeal for the purpose of securing a review of certain assignments of error would be wholly ineffectual without a settled record which embraced a transcript of the record and evidence. Of that character is an assignment that the evidence is insufficient to support a verdict or finding. Cf. Sherin v. Eastwood, 32 S.D. 480, 143 N.W. 367. Hence, it becomes apparent that if the word "effectual" was employed in the foregoing rule to convey its ordinary meaning, the trial court did not err in its interpretation. But counsel urges that the words "perfect" and effectual" appearing in SDC 33.0729 supra, take on a special or restricted signification from the cognate provisions of SDC 33.0703 and 33.0709. SDC 33.0703 provides: "The appeal shall be deemed to be taken by the service and filing of the notice of appeal and **perfected** by service of the undertaking for costs, or the deposit of money instead, or the waiver thereof, as hereinafter in this chapter prescribed, and deposit of the fee of the Clerk of the Supreme Court as hereinafter provided." SDC 33.0709 reads: "To render an appeal **effectual** for any purpose, an undertaking must be executed on the part of the appellant by at least two sureties to the effect that the appellant will pay all costs and damages which may be awarded against him on the appeal, not exceeding two hundred fifty dollars." Since the 1939 revision, this court has assigned the words in question their ordinary meaning in its decision in Northwestern Engineer-

ing Co. v. Ellerman, 69 S.D. 397, 10 N.W.2d 879, 881, wherein we said, "We are of the opinion, therefore, * * * that the act of filing the petition for allowance falls within that **class of acts described** in SDC 33.0729 as 'any other act necessary to perfect the appeal or make it effectual.' " And we there indicated our view that this section clothed our courts with ample powers to render an appeal effectual in these words, viz., "Under this broad and liberal rule we think there can be no question concerning the power of this court to act upon appellant's request." We discern no reason for receding from that interpretation.

■ In view of the foregoing we need not now determine whether SDC 33.0108 was intended to comprehend proceedings looking toward a settled record.

It is next said that accepting SDC 33.0729 as the source of the court's power in the premises, its power was not invoked because it was not shown that filing of the transcript was delayed "through mistake or accident".

■ ■ When the objection was raised at the time fixed for the settlement of the record, the court was confronted by the following facts and circumstances. The appellant was seeking to appeal for the principal purpose of securing a review of rulings which dealt with the sufficiency of the evidence. Although the statute permits an appeal within six months of the notice of entry of a judgment (cf. SDC 33.0702 as amended by Ch. 124, Laws of 1943), this appeal had been taken on the sixth day after judgment. A transcript of the evidence, which had been ordered promptly, had been received. Assignments of error had been prepared immediately thereafter, and the transcript, together with the attached assignments, had been served upon counsel within the ten-day period provided by SDC 33.0736. The court concluded that a transcript had not been waived under the rule of SDC 33.0737, supra. We pause to declare that the court did not err in that conclusion. The conjunction "and" was employed in the cited rule to relate it to the actual intention of an appellant. To continue,—it was apparent to the court that appellant was acting in the utmost good faith and that he was not seeking to delay the proceedings. In these cir-

cumstances, we think the court was justified in drawing the obvious inference that the irregularity in failing to forthwith file the papers in the office of the clerk was caused by accident and mistake.

The motion of the respondent that the transcript be stricken from the record is denied.

All the Judges concur.