## HEARD & SUTTON *v.* KENNEDY.

1. In order for a defendant in a civil action, brought in the city court of Washington, to obtain, as matter of right, a trial by jury, it is essential that he make demand therefor "on or before the call of the docket at the term to which the cause is returnable."

2. Where a promissory note embracing no words of negotiability is payable to several named persons jointly, and one of them, without authority from his copayees so to do, undertakes to assign such note to a third person, the latter acquires no title to the interests of these copayees therein, and, if he collects the note, is liable to any one of them for his proportion of the amount so collected.

Submitted May 1, — Decided July 23, 1902.

Complaint. Before Judge Toombs. City court of Washington. September 24, 1901.

*S. H. Hardeman* and *J. T. Irvin Jr.*, for plaintiffs in error.
*William Wynne* and *F. W. Gilbert*, contra.

FISH, J. Clinton A. Kennedy brought an action for $43.40 against Heard & Sutton, returnable to a monthly term of the city court of Washington. The court tried the case without a jury, and rendered judgment against the defendants. They moved for a new trial, which motion being overruled, they excepted.

1. The only special ground of the motion for a new trial was stated in this language : " Because the court erred as follows : This case was filed to May term, 1901, of said court, and was at that term continued, and was tried at the June term, 1901. When the case was called for trial at said June term, defendants objected to going to trial without a jury, upon the ground that so much of the act establishing the city court of Washington as failed to provide for a trial by jury in said court in cases where the amount involved was under fifty dollars was unconstitutional ; and defendants then and there. exhibited a demand in writing for a jury in said case. The court overruled the objection, and proceeded to try said case without a jury, and, after hearing evidence and argument, rendered a judgment for the plaintiff against the defendants ; the court ruling that while, in its opinion, so much of the act establishing said court as failed to provide for trial before the court without a jury in cases under fifty dollars was against the constitution of Georgia, in this case the demand for trial came too late, because not made at the term of court to which the case was made returnable." The question presented is, did the court err in refusing defendants a trial by jury, on the demand made therefor and in trying the case without a jury ? So much of the act establishing the city court of Washington (Acts 1899, p. 413) as is material to the consideration of this question is as follows :

" Sec. XVII. . . Suits for not over one hundred dollars principal, and all issues and proceedings, when not over one hundred dollars in value is involved, shall be returnable to the monthly sessions of said court, and stand for trial at the first term by the judge without the intervention of a jury ; provided, that in any such case where more than fifty dollars principal is involved, and an issuable

defense is filed on oath, and a jury is demanded, such case shall be transferred to the next quarterly term of said court, and shall there stand for trial by a jury."

"Sec. XXV.  Be it further enacted, that the judge of said city court shall have the power and authority to hear and determine without a jury all civil causes of which the said court has jurisdiction, and to give judgment and execution therein; provided always, that either party in said cause shall be entitled to a trial by jury in said court, upon entering a demand therefor by himself or his attorney, in writing, on or before the call of the docket at the term to which the cause is returnable, in all cases where such party is entitled to a trial by jury under the constitution and laws of this State, except as provided in section XVII of this act."

The trial judge did not hold any portion of this act to be unconstitutional, but, in effect, merely ruled that, assuming so much of it as denies the right of jury trial in civil cases when the amount of principal involved is fifty dollars or less to be unconstitutional, nevertheless the demand for a jury trial made by the defendants came too late, because not made on or before the call of the docket at the term to which the case was returnable. In other words, the judge, in ruling on the question, conceded to be sound the contention of the defendants that the act could not deprive them of their constitutional right to have their case tried by a jury, and that they were entitled to a jury trial notwithstanding the provisions of the act, but held that, in order to obtain it, they should have made a demand therefor as the act provides, and that their failure so to do amounted to a waiver of the right. It follows that if defendants were too late in making a demand for trial by a jury, then the case stood for trial by the judge.  We do not think there was any error in the rulings complained of in this ground of the motion for a new trial.

2. It appears from the record, that W. F. Kennedy, Janie D. Kennedy, Alice I. Kennedy, Clinton A. Kennedy, and Clyate F. Kennedy sold a parcel of land to Buxton for $900, and took his notes for the purchase-money ; that the notes were payable jointly, without words of negotiability, to these five vendors ; that W. F. Kennedy being indebted to the defendants, Heard & Sutton, wrote his name on the back of one of these notes, which was for $217, and delivered the same to them as collateral security for his debt; that

he had no authority to do this from any of the other payees; that the defendants collected the amount of the note from Buxton and appropriated it to the payment of W. F. Kennedy's indebtedness to them.    Clinton A. Kennedy, one of the payees, brought this suit to recover of the defendants his one-fifth of the amount so collected. Under these facts, the court did not err in rendering the judgment against the defendants.    They acquired no title to the interest of the plaintiff in the note; and when they collected the amount due on the note, they became liable to him for his proportion thereof. W. F. Kennedy, the only witness who testified in the case, and who was introduced by the plaintiff, swore that two of the notes given by Buxton were indorsed by all five of the payees and given to a named party in payment of land purchased of him for the payees other than the witness.    None of the particulars of this transaction were brought out.    The mere fact that, by an arrangement of some kind, W. F. Kennedy had allowed the other payees to get the full benefit of two of the notes given by Buxton certainly could not relieve the defendants from liability to the plaintiff, as his interest in the note they collected never passed to them by the unauthorized assignment of W. F. Kennedy; and if plaintiff, at some time and in some way, had obtained an interest in the interest of W. F. Kennedy in two of the Buxton notes, it was no concern of the defendants.

*Judgment affirmed.    All the Justices concurring, except Lewis, J., absent.*