MARY M. McKAY vs. THE FAIR HAVEN AND WESTVILLE RAILROAD COMPANY.

Third Judicial District, Bridgeport, April Term, 1903.
TORRANCE, C. J., HAMERSLEY, HALL, PRENTICE and ROBINSON, Js.

There is no room for construction where the terms of an Act are clear and explicit.

General Statutes, Rev. 1902, § 720, provides that a case may be placed upon the jury docket by either party "within thirty days after the return day" or, if an issue of fact is joined "after said period," then within ten days after such joinder. Held that the joinder of an issue of fact before the expiration of thirty days after the return day did not extend the time for placing the case upon the jury docket beyond the thirty-day period allowed therefor.

Statutory regulations which do not deprive parties of their right to a jury trial, nor impose any arbitrary or unreasonable requirements upon one who desires such a trial, are constitutional.

Argued April 14th—decided May 12th, 1903.

ACTION to recover damages for personal injuries, brought to the Court of Common Pleas in New Haven County and tried to the court, Cable, J.; judgment for the defendant,

and appeal by the plaintiff for alleged error in striking the case from the jury docket. *No error.*

*Benjamin Slade* and *Maxwell Slade*, for the appellant (plaintiff).

*Henry F. Parmelee*, with whom was *George D. Watrous*, for the appellee (defendant).

PRENTICE, J. This action was made returnable on the first Tuesday of January, 1902, being January 7th. On February 6th the defendant filed its answer. On the following day the plaintiff claimed the case for the jury docket. The clerk thereupon entered it on said docket. The defendant then moved to have it stricken therefrom, which motion the court afterwards granted. The case was then placed upon the court docket and proceeded to judgment, no request being made to the court for an order transferring it to the jury docket. This action of the court in striking the case from the jury docket involves the only error assigned.

The statute then in force, Chap. 187 of the Public Acts of 1899,—being in substance the same as § 720 of the Revision of 1902—provided for the maintenance of separate dockets for jury and court cases, and then proceeded, in its material parts, as follows : " The following-named classes of cases shall be entered on the jury docket upon the written request of either party made to the clerk within thirty days after the return day, to wit: . . . and, except as hereinafter provided, civil actions involving such an issue of fact as, prior to January 1st, 1880, would not present a question properly cognizable in equity. When in any of the above-named cases an issue of fact is joined, after said period, the case may, within ten days after such issue of fact is joined, be entered in the jury docket upon the request of either party made to the clerk; and any of such cases may, at any time, be entered in the jury docket by the clerk, upon written consent of all parties, or by order of the court. All cases not entered in the jury docket under the foregoing provisions, . . . shall

be entered on the court docket, and shall, together with all issues of law and issues of fact, other than those specified, which may be joined in actions entered on the jury docket, be disposed of as court cases."

In passing upon the propriety of the court's action, only two questions are claimed to be involved, to wit: (1) Did plaintiff's counsel, by a compliance with the provisions of the statute, acquire the right to have the cause entered upon the jury docket; and (2) are the regulations of the statute constitutional and valid ones?

The plaintiff was entitled, under the provisions of the statute, to have her cause entered upon the jury docket at any time within thirty days after the return day, upon her written request made to the clerk. This request was confessedly not made. She had an additional right, upon a like request made within ten days after joinder of an issue of fact, but this right was expressly conditioned and qualified. It was not left, as it might easily have been, unrestricted, but was limited to those cases in which an issue of fact should be joined after the thirty-day period. The plaintiff filed her request within ten days after the issue of fact was joined, but unfortunately for her that issue was joined within, and not after, this period. She has therefore failed to comply with either of the provisions of the statute prescribing the manner of her action if she would avoid a waiver of her right to a jury trial.

The plaintiff, however, urges upon us that a different interpretation should be given to the statute. We are asked to say that two periods are created by the statute: one a thirty-day period, within which cases in which an issue of fact is created without pleadings must be claimed for the jury, and another, a period of ten days after issue of fact joined, applicable to all other causes.

This claim is wholly without warrant in the language in which the legislature has chosen to express its will. This language is singularly clear and certain. It is too clear to be misunderstood, and too certain to be susceptible of any interpretation other than the simple and obvious one we

have indicated. It is not by any possibility open to the charge of ambiguity, indefiniteness, or obscurity. Words could scarcely be chosen which would express with greater precision the requirements to be observed by a litigant to claim his place as a matter of right upon the jury docket. That being so, the judiciary is powerless to intervene even to remedy a mistake. To attempt to do so would be a palpable exercise of legislative functions. "It is not allowable to interpret what has no need of interpretation." *Lee Bros. Furniture Co.* v. *Cram*, 63 Conn. 433, 438; *Farrel Foundry* v. *Dart*, 26 id. 376, 382; *Priestman* v. *United States*, 4 Dal. 28; *French* v. *Spencer*, 21 How. (U. S.) 228.

The case of *Noren* v. *Wood*, 72 Conn. 96, is not in point. The statute there interpreted was one which the Act of 1899 amended. It contained a palpable ambiguity, which the court was required to interpret, and which the Act of 1899, passed before the interpreting decision was promulgated, sought to remove and did effectually remove by its more carefully chosen language.

The statutory regulations under review are clearly constitutional ones. They neither deprive parties of their right to a jury trial, nor impose any arbitrary or unreasonable requirements upon one who desires such a trial. *Beers* v. *Beers*, 4 Conn. 535; *Colt* v. *Eves*, 12 id. 243; *Curtis* v. *Gill*, 34 id. 49.

There is no error.

In this opinion the other judges concurred.