[No. 4816.  Decided December 17, 1903.]

THE STATE OF WASHINGTON, *on the Relation of F. J.
Clark, v.* JEREMIAH NETERER, *as Judge of the Su-
perior Court for Whatcom County, Respondent.*[1]

TRIAL BY JURY—WAIVER—NONPAYMENT OF JURY FEE.  Laws
1903, p. 50, requiring an advance payment of $12 as a jury fee
in civil cases, and providing that its nonpayment shall be deemed
a waiver of the right to a jury trial, is not in conflict with Const.
art. 1, § 21, providing for the waiver of a jury trial only where
consent thereto is given, since consent may be either express or
implied, as recognized by the laws in force at the time of the
adoption of the constitution.

SAME—REASONABLENESS OF FEE.  The jury law of 1903, p. 50,
providing for a $12 jury fee in civil cases is not unconstitutional
as imposing any unreasonable conditions upon the right of trial
by jury.

Application to the supreme court, filed September 16,
1903, for a writ of mandamus compelling the respondent,
as judge of the superior court for Whatcom county, to set
a cause for trial before a jury.  Writ denied.

*Marshall P. Stafford,* for relator.  The constitution
uses "waiving" in its technical legal sense.  *Mauer v.
Mitchell,* 53 Cal. 289; 6 Am. & Eng. Enc. Law, 925 (2d
ed.); Cooley, Const. Lim., 73 (5th ed.).  What acts consti-
tute a "waiving" is purely a judicial question.  *Wynehamer
v. People,* 13 N. Y. 378; *Commonwealth v. Proprietors
etc.,* 68 Mass. 339; *Beebe v. State,* 6 Ind. 501; *Barnes v.
Barnes,* 53 N. C. 366; *Cameron v. Kenfield,* 57 Cal. 550;
*Farmers' Co-Op. Union v. Thresher,* 62 Cal. 407.  Both
parties refused to give their consent; the legislature can
not declare a thing to be a fact when it is not such fact.
*Wynehamer v. People, supra; Grimm v. Weissenberg*

1Reported in 74 Pac. 668.

*School Dist.*, 57 Pa. St. 433. The statute compels a trial without a jury and this is beyond the power of the legislature. *North Pa. Coal Co. v. Snowden,* 42 Pa. St. 488; *Tillmes v. Marsh,* 67 Pa. St. 507; *Haines' Appeal,* 73 Pa. St. 169; *Barnes v. Barnes, supra; Copp v. Henniker,* 55 N. H. 179, 20 Am. Rep. 194; *Bernheim v. Waring,* 79 N. C. 56; *Kinkaid v. Hiatt,* 24 Neb. 562, 39 N. W. 600; *Kuhl v. Pierce County,* 44 Neb. 584, 62 N. W. 1066; *United States v. Rathbone,* 2 Paine 578, Fed. Cas. No. 16,121; *Howe Machine Co. v. Edwards,* 15 Blatchf. 402 Fed. Cas. No. 6,784.

*Parker Ellis,* for respondent, cited: *State v. Cross,* 12 Iowa 66; *Huntley v. Holt,* 58 Conn. 445, 20 Atl. 469; *Conneau v. Geis,* 73 Cal. 176, 14 Pac. 580; Notes to 1 L. R. A. 480, and 632, and 3 L. R. A. 210.

MOUNT, J.—Application for writ of mandamus. The relator is plaintiff in a civil action triable by jury. The case is at issue, and ready for trial in the superior court of Whatcom county. The respondent is judge of that court. September 5, 1903, was a day appointed for setting jury cases for trial in that court. On that day the parties to said action appeared in court, and the relator requested the court to set the case for trial. Neither party had served or filed the statement, or deposited the fee, required by the act of March 6, 1903, relating to jury trials. Laws 1903, p. 50. For that reason the court refused to set the case for trial before a jury. Upon application made here, this court issued an alternative writ of mandamus, directing respondent to set the case for trial, or to show cause why he should not do so.

The only question presented upon the return to the writ is the constitutionality of the act 1903, above referred to. It is contended by the relator that the act is

unconstitutional because it is repugnant to § 21, art. 1, of the constitution, which reads as follows:

"The right of trial by jury shall remain inviolate, but the legislature may provide for a jury of any number less than twelve in courts not of record, and for a verdict by nine or more jurors in civil cases in any court of record, and for waiving of the jury in civil cases where the consent of the parties interested is given thereto.

The statute of 1903 is as follows:

"§ 1.   In all civil actions triable by a jury in the superior court any party to the action may, at or prior to the time the case is called to be set for trial, serve upon the opposite party or his attorney, and file with the clerk of the court, a statement of himself, or attorney, that he elects to have such case tried by jury.   At the time of filing such statement such party shall also deposit with the clerk of the court $12.   Unless such statement is filed and such deposit made, the parties will be deemed to have waived trial by jury, and consented to a trial by the court.

"§ 2.   The amount deposited by the party demanding a trial by jury shall be a part of the taxable costs in such action.   The amount received by the clerk on account of jury fees shall be accounted for as such other fees received.

"§ 3.   § 5028, Ballinger's Code, and all other acts in conflict with this act are hereby repealed."

The section of the constitution above referred to clearly authorizes the legislature to provide for "waiving of the jury in civil cases where the consent of the parties interested is given thereto." Under this provision it is quite clear that there can be no waiver of a jury trial in civil causes where there is no consent of the parties, express or implied, and the controlling question here is, may the legislature provide for any other consent than express consent? If not, then the act in question must be declared unconstitutional. It is argued by the relator that the word "waiving" implies consent, and that the words

"where consent . . . is given," as used here, neces-
sarily mean express consent, and that the legislature there-
fore may not provide for an implied consent, as has been
done in this act.

It seems to be the general rule that the provisions found
in the constitutions of nearly all the states of the Union,
as follows: The right of trial by jury shall remain in-
violate—means that "the right is preserved in substance
as it existed at the time of the adoption of the constitu-
tion, and in the classes of cases to which it was then ap-
plicable." 6 Am. & Eng. Enc. Law, p. 974 (2d ed.),
and cases cited. It is also "generally conceded that in
civil actions and proceedings, and in the absence of con-
stitutional or statutory inhibition, the right of a party
to have the issues of fact in a cause determined by a jury,
is a privilege of such a nature that he may waive it if
he chooses." 17 Am. & Eng. Enc. Law, p. 1097 (2d ed.);
and cases cited. The form and manner of such waiver is
usually regulated by statute, and where there is no pro-
vision in the constitution prohibiting such legislation, it
is upheld. *Garrison v. Hollins,* 2 Lea (Tenn.) 684;
*Copp v. Henniker,* 55 N. H. 179, 20 Am. Rep. 194.

We have compared this provision of our constitution
with similar provisions in constitutions of nearly all the
other states, and find no other provision exactly the same
as ours. In Arkansas, California, Colorado, Idaho, Michi-
gan, Minnesota, Montana, New York, Nevada, Texas,
and Wisconsin, the substance of the provision relating to
jury trials in civil cases is, "trial by jury shall remain
inviolate, but a jury trial may be waived by the parties
in the manner prescribed by law." In these states it is
clear that an act such as the one under consideration is
a valid exercise of legislative authority. In most of the
other states the provision, "the right of trial by jury shall

remain inviolate," stands without modification as in the
states above named.   But it is held, however, that a party
waives his constitutional right by a neglect to comply with
the regulations prescribed by law. . *Commonwealth v.
Whitney,* 108 Mass. 5; *Wilkins v. Treynor,* 14 Iowa 391;
*Merrill v. City of St. Louis,* 83 Mo. 244, 53 Am. Rep. 576.
Mr. Freeman, in his note to *Flint River Steamboat Co. v.
Roberts,* 48 Am. Dec. 178, at page 186, says:

"The provisions in the several state constitutions, guar-
anteeing the right of trial by jury, differ somewhat in
form.   But the general principle contained in all of them
is, that the right of trial by jury as known and exercised
by the people of the state, at the time of the adoption of
the constitution, shall be preserved and guaranteed to them
under the constitution.   In order, therefore, to determine
in what cases the right to trial by jury in any particular
state exists, it is necessary to definitely ascertain what was
the extent of the right to that mode of trial, under the
established law and practice of that state, at the time when
it adopted its constitution."

Authorities are cited in support of this rule, amply sus-
taining it.   It is applicable we think to the construction
of the section of our constitution under consideration. The
statutes bearing upon the question of waiver in force at
the time our constitution was adopted were as follows:

"The waiver of a jury or agreement to refer shall be by
stipulation of the parties filed, or the oral consent of the
parties given in open court and entered in the records."
Bal. Code, § 4969; Code 1881, § 204.

"Trial by jury may, with the assent of the court, be
waived by the several parties in the manner following:
(1) By failing to appear at the trial.   (2) By written con-
sent in person or by attorney, filed with the clerk.   (3) By
oral consent in open court, entered in the minutes."   Bal.
Code, § 5028; Code 1881, § 245.

In default cases the statutes provided in substance that,

in actions on contract for the recovery of money only, the court should enter judgment for the amount claimed; and where, after appearance, the defendant did not deny the plaintiff's claim, but set up a counterclaim amounting to less than the plaintiff's claim, the court was authorized to enter judgment for the excess of plaintiff's claim over the counterclaim. Where action was for unliquidated damages, and the defendant made default, a jury was required to assess damages. Bal. Code, § 5090; Code 1881, § 289. Upon agreed facts the court was authorized to determine the case and enter judgment without a jury. § 298, Code 1881.

It is readily seen that the laws in force at the time of the adoption of the constitution recognized two kinds of consent to the waiver of jury trials in civil actions, viz., express consent and implied consent; express consent where, after appearance of the defendant, a written stipulation was entered into and filed, or an oral stipulation was entered on the record; implied consent where a party defaulted, or where, after appearance in the action, he failed to appear at the trial, or did not deny the plaintiff's claim. It would appear therefore that the word "consent," as used in this provision of the constitution, was intended to be used so as to include both express and implied consent. The determination of the meaning of this clause is not without its difficulties, because, if we conclude that the constitution means *express* consent, we must read that word into the provision, and the result is that the legislature may not now enact a law providing for implied waiver of jury trials in civil actions; notwithstanding that prior to, and at the time of the adoption of the constitution, and ever since that time, it has been, and now is, the law and practice to consider such right waived where the defendant defaults, and where the defendant appears and does not deny

the plaintiff's claim, and where defendant appears in the
case and fails to appear at the trial, and where an agreed
state of facts is made.    If we conclude that the consent
mentioned may be either express or implied, the result is
that the clause, "where the consent of the parties interested
is given thereto," is largely tautology.    We think it was
not intended by the constitution that there should be any
radical change in the established practice, but that the
words "consent  .  .  .  given" were used in their broad-
est sense.    The legislature therefore may define what act
shall constitute consent given.

It is conceded by the relator that the legislature has
authority to pass an act providing for a reasonable jury
fee to be taxed as costs.    This assent is not binding upon
the court.    However, the general rule is that the power of
the legislature is complete to enact any reasonable law
where such power is not restricted by express or implied
limitation, and it has been held that reasonable conditions
may be imposed upon the right of trial by jury.    17 Am.
& Eng. Enc. Law, p. 1107 (2d ed.); *Garrison v. Hollins,
supra; Venine v. Archibald,* 3 Colo. 163; *Dailey v. State,*
4 Ohio St. 57; *Adams v. Corriston,* 7 Minn. 456.

It was said in *Adams v. Corriston, supra:*

"And that a party who demands a trial by jury, should
be required to advance a small jury fee, whether it is con-
sidered as a tax on litigation, or as a part of the expense
which is necessarily incurred in his behalf, seems no more
liable to a constitutional objection than is the requirement
that the fees of the clerk, sheriff and other officers shall be
paid in advance when demanded.    If the clause in the con-
stitution means that we shall be permitted to litigate liter-
ally 'without price', there is an end to all fees, from the
issuing of the summons to the entry of satisfaction of the
judgment."

If an act was passed imposing unreasonable conditions, or

such as would make it obvious that the act was passed for the purpose of violating the right of trial by jury, it would no doubt be declared void; but we find no unreasonable provision in this act, and therefore conclude that it is not repugnant to the constitution.

The writ is therefore denied.

FULLERTON, C. J., and HADLEY, DUNBAR, and ANDERS, JJ., concur.