## WILSON v. CORNING GLASS WORKS.
### No. 12975.

United States Court of Appeals,
Ninth Circuit.
April 15, 1952.

J. Edward Johnson, W. G. Harmon, William H. Henderson, Robert H. Johnson, San Francisco, Cal., for appellant.

Hadsell, Murman & Bishop, Sydney P. Murman and Richard S. Bishop, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and BONE and POPE, Circuit Judges.

DENMAN, Chief Judge.

This appeal is from a judgment that the plaintiff Wilson, a citizen of California, take nothing in her negligence action to recover against defendant, Corning Glass Works, a New York corporation, for personal injuries arising from the sudden breaking of a glass dish manufactured by the defendant.

A. *The district court did not abuse its discretion in denying plaintiff's motion for a trial by jury, made subsequent to her failure to demand a jury within the 30 days from the filing of her complaint to 10 days after the service of defendant's answer as required by Rule 38, Fed.Rules Civ.Proc. 28 U.S.C.A.*

The complaint was filed in the Superior Court of the City and County of San Francisco on August 4, 1949. Defendant was served with a copy of the complaint and summons and removed the case to the United States District Court for the Northern District of California and served a copy of the notice of removal on plaintiff within the 20 days provided by 28 U.S.C. § 1446(b).[1] Six days after removal, defendant served its answer on plaintiff and filed it. Plaintiff, in the 30 day period from filing her complaint to the 10 days after the serving of defendant's answer, failed to make the demand for a jury trial provided by Rule 38, F.R.Civ.P. The clerk placed the case on the law and motion calendar to be set for trial and the court ordered it tried in January by the court without a jury. It was so tried with the above result adverse to plaintiff.

Although the complaint showed diversity of citizenship between the parties, plaintiff was ignorant of the federal procedural law regarding the time during which a jury could be demanded. In an affidavit in support of a denied motion that the case be tried by a jury, made 3½ weeks after the expiration of the time provided in Rule 38, this ignorance is stated but no excuse is given for the failure to make the demand.

Plaintiff, so having failed to make a timely demand for jury trial, on September 28 moved the court for a jury trial invoking Rule 39(b), F.R.Civ.P., providing:

"Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

We do not think the court abused its discretion in denying the motion. The Northern District of California at that

1. "The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

time had one of the most overworked courts in the United States. Its enormous growth of population in the preceding decade had produced litigation so far in excess of its judicial power that Congress had increased its judgeships from 5 to 7, that is by 40 per cent. At that time its two vacancies were unfilled. In making up its calendars of pressing litigation into jury and non-jury cases, it was entitled to rely on the knowledge of its counsel, members of its bar, of the rule governing jury trials. Defendant contended it wanted the prompt disposition which under the application of Rule 38 it would not obtain. The issues joined would require the presence of several witnesses whose testimony might be lost in the long delay to reach the case on an already large waiting list of jury cases to be tried. No showing was made that the business of the court would not be discommoded by granting the motion of the plaintiff, upon whom is the burden of demonstrating to us the court's abuse of its discretion. Cf. Kass v. Baskin, 82 U.S. App.D.C. 385, 164 F.2d 513, 515, dealing with a provision of the District of Columbia law similar to Rule 38; Johnson v. Gardner, 9 Cir., 179 F.2d 114, 117, certiorari denied 339 U.S. 935, 70 S.Ct. 661, 94 L. Ed. 1353; McNabb v. Kansas City Life Ins. Co., 8 Cir., 139 F.2d 591.

■ B. *Sections (b) and (d) of Rule 38 preserve the right to trial by jury as required by the Seventh Amendment, even though a litigant may be ignorant of the rule and may fail to assert the right to jury trial within the time required by the Rule.*

The sections of Rule 38 which plaintiff claims fail to preserve the right to trial by jury are:

"(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party."

"(d) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."

She contends that the waiver of the right to jury trial recognized in Duignan v. United States, 274 U.S. 195, 47 S.Ct. 566, 71 L.Ed. 996, and Bank of Columbia v. Okely, 4 Wheat. 235, 4 L.Ed. 559, cannot be made in any way save by a consciously voluntary, *affirmative* act. Hence no rule preserves the right which prevents a jury trial as a consequence of mere inaction in asserting the right. No holding of any case supporting this argument is cited, nor has our research revealed any. If her contention were correct, the statutes of many states would be invalid.[2]

The Supreme Court in Yakus v. United States, 321 U.S. 414, 444, 64 S.Ct. 660, 677,

---

2. The notes of the Advisory Committee on the Rules of Civil Procedure make it clear that this question of waiver was carefully considered before Rule 38 was adopted as part of the Judicial Code. These notes show that the Advisory Committee regarded the rule as providing for the preservation of the constitutional right of trial by jury as directed in the enabling act of June 19, 1934, 48 Stat. 1064, 28 U.S.C. § 2072. It was pointed out that Rules 38 and 39 make definite provision for claim and waiver of jury trial, following the method used in many American states, in England and in the British Dominions. Also, it was shown that the demand for jury trial must be made at once, either on initial pleading or appearance in some states, including Illinois, Tennessee and Wyoming, or within ten days after the pleadings are completed and the case is at issue, as required by other states, including Connecticut, Massachusetts and Michigan, as well as Hawaii, England and Ontario, or at a definite time varying under different codes from ten days before notice of trial to ten days after notice, or, as in many states, when the case is called for assignment, as required by Arizona, California, Iowa, Nevada, New Mexico, New York, Rhode Island, Utah, and Washington, and under certain provisions of the laws of England, Australia, Alberta, British Columbia and New Brunswick.

88 L.Ed. 834, states generally the reverse of her contention, that one may be required to assert a constitutional right in order to maintain it in the litigation before the Court:

"No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it."

In Kass v. Baskin, 82 U.S.App.D.C. 385, 164 F.2d 513, 514, the court considered a rule limiting the filing of a demand for a jury trial to " * * * not later than the time for appearance of the defendant stated in the notice, or such extended time as the judge may fix by special order in the case * * *." On the constitutionality of an automatic waiver from failure of the defendant to comply with the rule, the court stated:

"The District of Columbia statute is clearly permissive rather than mandatory. It gives the right to jury trial; it does not require such trial. The Constitutional guarantee, when it applies, is of the same nature. The right, not the fact, is the grant and the guarantee. It is settled beyond question that even the Constitutional right, when there is one, can be waived. And it is settled that failure to comply with reasonable rules may constitute a waiver.

"The case before us poses two questions. The first is whether a defendant in a landlord-tenant case who fails to observe the rule of court, is nevertheless entitled as of right to a jury trial unless it appears that he consciously intended to forego such trial. We think the answer is no. To hold otherwise would be to reduce the enforcement of clear and reasonable rules of court to an inquiry into the mental processes of non-observing parties."

The Kass case cited the statement of the Supreme Court in Capital Traction Co. v. Hof, 174 U.S. 1, at 23, 19 S.Ct. 580, 589, 43 L.Ed. 873, that the Seventh Amendment " * * * does not prescribe at what stage of an action a trial by jury must, *if demanded,* be had, *or what conditions may be imposed upon the demand* of such a trial, consistently with preserving the right to it. In passing upon these questions, the judicial decisions and the *settled practice in the several states are entitled to great weight,* inasmuch as the constitutions of all of them had secured the right of trial by jury in civil actions, by the words 'shall be preserved,' or 'shall be as heretofore,' or 'shall remain inviolate,' or 'shall be held sacred,' or by some equivalent expression." (Emphasis supplied.)

Following this method, we consider the state cases holding constitutional statutes and rules limiting the time in which trial by jury may be demanded and denying the right to jury trial if there is mere inaction during the time limit. In California, the state constitution, art. 1, § 7, provided that "[t]he right of trial by jury shall * * * remain inviolate." The statute, Code Civ.Proc. § 631, provided that the right is waived unless demanded at or prior to the call for setting the case for trial. This was not done in Bennett v. Hillman, 37 Cal.App. 586, 174 P. 362, and the District Court of Appeal held such waiver by inaction did not violate the state constitutional provision. The same was held in Washington, State ex rel. Clark v. Neterer, 33 Wash. 535, 74 P. 668, and in Arizona, Jenkins v. Skelton, 21 Ariz. 663, 192 P. 249. In Massachusetts, its Declaration of Rights, pt. 1, art. 15, provides that the right to jury trial "shall be held sacred". The statute provided " * * * that in civil actions a party shall not be entitled to a trial by jury unless he files within the time prescribed by the statutes a notice that he desires such trial." The Massachusetts court held in Foster v. Morse, 132 Mass. 354, that "[t]he statutes we are considering, requiring a party to a civil suit to file a notice of his desire to have a trial by jury, fall within the same principle. This requirement does not deprive him of his right to a trial by jury, but regulates the mode in which this right shall be enjoyed and used. It requires a party to use reasonable diligence in electing whether he will exercise his right to have a trial

by jury. If he fails to file a notice of his desire to insist upon this right, he waives the right. We are therefore of opinion that the provisions of the statutes in question are constitutional and valid." There are similar holdings in Connecticut, McKay v. Fair Haven & W. R. Co., 75 Conn. 608, 54 A. 923, and in Georgia, Heard & Sutton v. Kennedy, 116 Ga. 36, 42 S.E. 509.

The judgment is affirmed.

POPE, Circuit Judge.

I concur. Appellant's claim of an abuse of discretion is, in my opinion, frivolous. It is frivolous regardless of whether the trial court's calendar was crowded or otherwise. The condition of the court's calendar was irrelevant, and I would not care, by referring to this matter, to suggest that if the trial court was not so busy, we might hold there was an abuse of discretion.