DLD-163                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-1267

ABDUR RAHMAN KANTAMANTO, Appellant

v.

LORENZO NORTH, UNION LEADER

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-06-cv-03371)
District Judge:  Honorable Jan E. Dubois

Submitted for Possible Dismissal due to a Jurisdictional Defect or Pursuant to 28 U.S.C. §
1915(e)(2)(B) or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 1, 2010

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges

(Opinion filed: April 8, 2010)

OPINION

PER CURIAM

        Abdur Rahman Kantamanto appeals the District Court's order denying his request

for a jury trial.  In the alternative, he requests mandamus relief of an order directing the

District Court to allow him a jury trial.  For the reasons below, we will dismiss the appeal

1

and deny Kantamanto's request for mandamus relief.

Kantamanto filed his complaint in July 2006. He did not demand a jury trial until September 2009 when he filed a motion for a jury trial. The District Court denied the motion pursuant to Fed. R. App. P. 38. On December 7, 2009, Kantamanto filed another request for a jury trial which the District Court denied. After the District Court denied his motion for reconsideration, Kantamanto filed a notice of appeal.

Under 28 U.S.C. § 1291, we have jurisdiction over appeals of final orders of the District Court. The order appealed must end the litigation as to all claims and all parties. Andrews v. United States, 373 U.S. 334 (1963). Because the order appealed does not dismiss all claims as to all parties and was not certified by the District Court under Fed. R. Civ. P. 54(b), the order is not appealable at this time. Because the order denying Kantamanto's request for a jury trial will be reviewable on appeal, it is not appealable under the collateral order doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949).

A writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. United States District Court, 426 U.S. 394, 403 (1976). Mandamus is not a substitute for an appeal. A petitioner cannot claim that there are no other means of relief if an appeal after entry of final judgment provides an adequate

alternative.  In re Briscoe, 448 F.3d 201, 211-12 (3d Cir. 2006).

Kantamanto has the remedy of an appeal after judgment to challenge the District Court's order.  Moreover, he has not shown a clear and indisputable right to a jury trial. Rule 38 of the Federal Rules of Civil procedure provides that a party may demand a jury trial by filing a demand no later than fourteen days after the last pleading is served.  A party waives a jury trial if the demand is not properly served and filed.  Kantamanto failed to timely demand a jury trial pursuant to Rule 38.  Kantamanto argues that one may not waive a constitutional right absent a knowing, intelligent, and voluntary waiver. However, the Supreme Court has held that a constitutional right may be forfeited by the failure to timely assert it.  Yakus v. United States, 321 U.S. 414, 444 (1944); see Wilson v. Corning Glass Works, 195 F.2d 825, 827-28 (9th Cir. 1952)(constitutional right to jury trial can be waived by failure to timely assert it).

For the above reasons, we will dismiss the appeal and deny Kantamanto's request for mandamus relief.